**STATE of Missouri, Respondent,**

v.

**George TAYLOR, Appellant.**

**No. 44123.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 10, 1981.

Henry B. Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, John M. Morris III, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction of robbery in the first degree, a violation of § 569.020 RSMo. 1978, and subsequent sentence to a term of ten years with the Department of Corrections. Defendant's assignments of error relate to the state's verdict directing instruction. We affirm.

The City of St. Louis was a poor host for visiting Atlanta Braves baseball pitcher, Rick Matula, the evening of August 30, 1980. Not only did his baseball team lose to the St. Louis Cardinals, but after the game he was robbed of $350.00. The latter event which resulted in the defendant's conviction occurred in the following manner.

After the game at Busch Stadium, Matula walked across the street to the lounge of the Marriott Hotel where he was registered as a guest. He stayed until closing time at 1:30 a. m., at which time he left with a female patron he met there. Together, they went across the street to Kiener Plaza. A short time later, two individuals approached and Matula felt someone shove him in the back and demand his money. Defendant, who was exceptionally agitated was holding a paper sack, with one hand in it, pointing it at Matula's companion and threatening to kill her. Both victims testified they thought the defendant had a gun. Matula eventually complied, handing the money over to defendant's accomplice, Willie Hill. The two robbers then left. Matula followed the pair, keeping at a discreet distance, never losing sight of them as they walked towards the river. Matula finally saw a police vehicle, flagged it down and pointed out the two robbers to the officer. The officer never lost sight of the pair after that and when he caught up with them a block later, the defendant dropped a wad of bills to the ground. His accomplice, Willie Hill, was holding the paper bag. Neither Matula nor the officer ever saw the pair exchange the bag or the money. The paper bag contained only a pair of women's shoes.

Defendant contends that Instruction No. 7, the state's verdict director, was an improper modification of MAI–CR2d 2.12 and MAI–CR2d 23.02 and was prejudicial to the defendant because it: 1) confused and misled the jury; 2) invaded the province of the jury by stating the evidence as facts and; 3) constituted an improper summation and comment on the evidence.

■ Instruction No. 7 combined the defendant's liability as an aider and as a principal for the robbery of Rick Matula.[1] An active participant who acts with common purpose with another or an aider and abetter incurs criminal liability by any form of affirmative advancement of the criminal enterprise. The proof need not show that defendant personally committed every essential element of the offense charged in order to convict. *State v. Pierson*, 610 S.W.2d 86, 91 (Mo.App.1980).

■ We have examined the challenged instruction in light of defendant's contention that this confused and misled the jury. Although portions of the instruction are repetitious, it does require a finding by the jury of all the necessary elements to convict defendant of the offense charged.

1. The instruction provided:
   If you find and believe from the evidence beyond a reasonable doubt:
   First, that on or about August 31, 1980 in the City of St. Louis, State of Missouri, Willie Hill, with the aid of the defendant, stole U.S. Currency owned by Rick Matula, and
   Second, that the defendant in doing so threatened the immediate use of physical force on or against Tamera Boster for the purpose of forcing Rick Matula to deliver up the property, and
   Third, that in the course of stealing the property, the defendant displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument,
   then you are instructed that the offense of robbery in the first degree was committed, and if you further find and believe from the evidence beyond a reasonable doubt:
   Fourth, that the defendant either before or during the commission of the offense of robbery in the first degree, with the purpose of promoting its commission, aided Willie Hill in committing that offense,
   then you will find the defendant guilty of robbery in the first degree.
   However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

While we recognize that any deviation from an approved instruction is error, its prejudice is to be judicially determined. Rule 28.02(e). Here, an examination of the entire instruction leads us to the conclusion that no prejudice resulted to defendant.

Further, we have examined defendant's other two points in connection with this instruction and we find that it neither improperly draws conclusions from the evidence nor comments on the evidence.

Affirmed.

SNYDER and CRIST, JJ., concur.