**STATE of Missouri, Respondent,**

v.

**Michael C. RANDLE, Appellant.**

**No. 47344.**

Missouri Court of Appeals, Eastern District, Division Six.

April 10, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Application to Transfer Denied July 17, 1984.

Debra B. Arnold, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Defendant Michael C. Randle appeals his conviction for attempted robbery. Pursuant to the guilty verdict the trial court sentenced defendant as a persistent offender to twelve years in prison.

Defendant's sole point here is that the trial court erred in admitting evidence that when arrested defendant had some $10.27 in his jacket; this he contends because there was no evidence he took any money. We approach this point under the principle of joint responsibility.

"An active participant who acts with common purpose with another or an aider and abetter incurs criminal liability by any form of affirmative advancement of the criminal enterprise."

*State v. Taylor,* 624 S.W.2d 541[1] (Mo. App.1981).

Relevant evidence of the issue here: Pharmacist-owner Stoltz testified defendant Randle and one Lloyd entered his store and after asking for band-aids, drew guns and ordered the victim to lie down. One of the men then rifled the cash register. The victim drew his own gun and shot defendant as both robbers began firing; some of the money was scattered on the bloody floor. Defendant was driven to a hospital by Lloyd. There, in Randle's car police found his jacket containing the challenged money in currency.

The arresting police officer testified that at the hospital he discovered defendant's jacket in his abandoned car and in a jacket pocket found the now challenged money. Defense counsel's objection on the non-specific ground of irrelevancy was overruled.

The now challenged money may or may not have been taken in the robbery, but we hold reference thereto was harmless. As we held in *State v. Kenner*, 648 S.W.2d 552 [6, 7] (Mo.App.1983),

"... error, which in a close case might call for a reversal, may be disregarded as harmless where the evidence of guilt, as here, is strong."

And see *State v. Hampton*, 648 S.W.2d 162 [7] (Mo.App.1983) holding:

"Error which in a close case might call for reversal, may be disregarded where the evidence of guilt, as here, was strong."

So it is here.

Affirmed.

SMITH, P.J., and SATZ, J., concur.