**STATE of Missouri, Plaintiff-Respondent,**

v.

**Allen D. PRICE, Defendant-Appellant.**

**No. 48330.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 22, 1985.

Application to Transfer Denied Feb. 26, 1985.

Retta-Rae Randall, Sp. Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Defendant was found guilty by a jury of robbery in the first degree, § 569.020, RSMo. 1978, and armed criminal action, § 571.015, RSMo. 1978. As a prior offender, the court sentenced defendant to ten years on the robbery charge and three years on the armed criminal action charge, to run consecutively. From this conviction and sentence, defendant appeals. We affirm.

In reviewing the evidence in the light most favorable to the state, the following facts were adduced at trial.

During the day on November 21, 1982, defendant, Allen Price and James Merrick

borrowed a shotgun from Merrick's brother-in-law. They went to Merrick's home where defendant sawed off the shotgun barrel. At about 8:30 p.m. that evening, defendant and Merrick drove to a delicatessen at 3735 Connecticut in St. Louis. Either defendant or Merrick entered the delicatessan and said to Mr. Hey, the owner, "This is a hold-up." Mr. Hey gave the man the cash from the register; the man put it in his jacket and left. The man then went to a gold Trans Am, and told either defendant or Merrick to "Get out of here."

About 20 minutes later, two police officers spotted the Trans Am at a gas station. It fit the description of a car that had been involved in a armed robbery. A chase ensued. The chase ended in Tower Grove Park where defendant and Merrick were placed under arrest. Later, the owner arrived at the scene and identified Merrick as the robber. He did not link defendant to the robbery.

On November 22, 1982, defendant made a statement to the police. His facts were the same as above, except he claimed to have entered the delicatessen and committed the robbery. Based on these facts, the jury found defendant guilty of robbery and armed criminal action.

Defendant contends Instruction No. 5, the verdict director for robbery in the first degree, should not have been submitted because it varies from the facts alleged in the information. The information charging the defendant stated "defendant acting with another," committed the robbery. However, Instruction No. 5 submits that "defendant acted either alone, together with, or aided James Merrick," in committing the robbery.

■ In order for a variance between the information and the verdict directing instruction to be fatal and require reversal, it must submit a new and distinct offense from that which defendant was charged. *State v. Coleman,* 660 S.W.2d 201, 218 (Mo.App.1983). Additionally, the defendant must be prejudiced by the variance and the variance must be material. *State v. Martin,* 633 S.W.2d 80, 82 (Mo.1982); *State*

*v. Macone,* 593 S.W.2d 619, 621 (Mo.App. 1980). In this case, defendant has not met his burden.

■ The information sufficiently notified defendant of the charge against him. From the facts, defendant's actual role in the robbery was unclear. However, the courts have held whether a defendant was the principal participant or the aider, he was liable for robbery in the first degree as long as he made "an affirmative advancement of the criminal enterprise." *State v. Taylor,* 624 S.W.2d 541, 542 (Mo.App.1981); *State v. Haggard,* 619 S.W.2d 44, 47 (Mo. banc 1981). Because the jury could find defendant guilty of robbery in the first degree, regardless of his status as principal or aider, the instruction did not charge defendant with a new and distinct offense to warrant reversal.

The variance between the information and the instruction was not prejudicial to defendant. Defendant was aware by the information the charge lodged against him. The additional language in Instruction No. 5 did not, as defendant contends, broaden his liability. As noted above, defendant could be found guilty of robbery without regard to his degree of participation. Therefore, although the language in the instruction differs from the information, it is not sufficient to require the setting aside of the jury verdict. Defendant's point is denied.

■ Defendant next contends Instruction No. 5, MAI–CR2d 23.02 modified by MAI–CR2d 2.12, should not have been submitted because it was in violation of the "Notes on Use," expanding defendant's criminal liability. We disagree.

It is well-established deviations from MAI–CR2d instructions "shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(e). However, MAI–CR2d 2.12, Notes on Use, Note 6 explicitly states that "any variation in the selection of alternatives in the paragraph following 'then you are instructed that the offense of [name of offense] has occurred ...' *shall not* be deemed reversible error in

the absence of prejudice." (emphasis added). As indicated by the language of the "Notes on Use," there is considerable leeway given in wording this particular instruction. In fact, note 6 observes there are numerous variations in the factual situations involving accessorial liability. It is reasonable to conclude there must be several ways to phrase the instruction to encompass the many scenarios. Thus, reviewing the record on appeal, we find defendant was not prejudiced by the submission of this instruction.

■ Defendant specifically challenges the addition of "acted either alone" to Instruction No. 5 because it increased the scope of his criminal liability. This is not the case. For instructions to be submitted they "must be supported by substantial evidence and the reasonable inferences to be drawn therefrom." *State v. Daugherty,* 631 S.W.2d 637, 639 (Mo.1982). Additionally, the court can instruct the jury on alternative theories as long as each is supported by evidence. *State v. Fleming,* 577 S.W.2d 174, 176 (Mo.App.1979).

In the present case, there was a conflict in the evidence as to who entered the delicatessan and committed the robbery. One alternative offered by the state was the defendant entered the store alone. This hypothesis was established through the statement of the defendant. Because there was evidence to support this proposition, the court did not err by inserting the additional phrase into Instruction No. 5.

In *State v. Dinkins,* 508 S.W.2d 1, 5 (Mo.App.1974), the court upheld giving an instruction which included "either alone or together with another" where there was no evidence that the defendant acted alone. The court stated that because "the defendant could have been found guilty in either event hypothesized" it was not error to include the phrase. *Id.* at 5. Here, there is evidence that supports the contention that defendant acted alone in one phase of the robbery. Therefore, the court did not err in submitting the instruction as modified by "acted either alone." Defendant's second point is denied.

Based on the foregoing, the judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.