**STATE of Missouri, Respondent,**

v.

**Larry BEAL, Appellant.**

**No. 48759.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 20, 1985.

Rehearing Denied Oct. 17, 1985.

Doris G. Black, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of two counts of selling marijuana and his sentence by the court as a prior offender to concurrent ten year terms. We affirm.

After submission of this case it came to the attention of the Court that at the time of sentencing the prosecuting attorney filed the following memorandum:

"Comes now the State and, with leave of court, withdraws the allegation of a prior drug related conviction in its substitute information filed in lieu of indictment on April 3, 1984."

The memorandum was signed by counsel for the state and the defendant and was signed by the trial court as "So ordered." We requested counsel to furnish us with additional briefs on the effect of this memorandum upon defendant's trial by the jury on guilt and sentence by the court as a prior offender.

Our further research establishes that the memorandum is a nullity and has no effect on the substituted information, the trial, or the sentence. That conclusion is mandated by *State v. Haymon*, 616 S.W.2d 805 (Mo. banc 1981) [3, 4]. The memorandum is not an indictment, information, nor a substitute or amended information. It does not comply with the requirements of the statutes or rules as to the content of indictments or informations or their amendment. It accomplished no change in the charge.

Defendant sold marijuana on two occasions to a police officer. One transaction was observed by another officer. Both officers identified defendant as the seller. Defendant raises six points on appeal. Three were not preserved for appeal because they were not included in the mo-

tion for new trial. They are additionally without merit. One involves a claim of error in allowing the purchasing officer to testify that while he was in close proximity to defendant some unidentified person called, "Larry," to which defendant responded. No objection was made to this testimony when it first occurred and upon the second occasion the answer was "withdrawn" after objection. Further, the statement "Larry" was not offered for its truth but to establish defendant's response which served to identify him as "Larry." There was no error in admitting the testimony.

Defendant challenges the use of MAI–CR2d 32.06 on the basis that it assumes the identity of the defendant as the seller. The contention is frivolous. The instruction requires the jury to find that defendant sold the marijuana. If it does not find that fact it must acquit.

Defendant also complains that in allowing the prosecution to establish defendant's status as a prior offender at the end of the trial, the trial court "chilled" defendant's right to testify in his own behalf. We do not see the correlation. What "chilled" defendant's interest in testifying was his prior conviction which was available to the prosecution for impeachment whether or not defendant was charged and proven to be a prior offender. Defendant was on notice that he was being tried as a prior offender through the substitute information and when, during the trial, that proof was made did not effect his rights.

Defendant makes two contentions regarding restrictions on his closing argument. Both restrictions dealt with matters irrelevant to defendant's guilt and were clearly within the trial court's discretion to control argument.

Defendant's final contention is that the evidence was insufficient to support the charge. It was sufficient. Defendant was identified by two police officers as the seller of a substance found to be marijuana. Defendant's attack on that evidence is no more than an attack on the credibility of those officers which credibility was assessed and resolved by the jury.

Judgment affirmed.

SNYDER and SATZ, JJ., concur.