**STATE of Missouri, Respondent,**

v.

**Charles Halic SIMMONS II, Appellant.**

**No. WD 37673.**

Missouri Court of Appeals,
Western District.

Aug. 6, 1986.

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

MANFORD, Judge.

Direct appeal from a court conviction on two counts of unlawful use of a weapon, in violation of § 571.030.1, RSMo Supp.1984.

Affirmed in part and reversed in part.

Appellant was charged by separate informations with two counts of unlawful use of a weapon. On March 4, 1985, the parties appeared in court and agreed to submit the two counts to the court on a stipulation of facts. The stipulation was filed on March 21, 1985, and consisted mainly of a report filed by one Trooper Day of the Missouri State Highway Patrol. The report stated in part:

At 9:34 p.m., July 18, 1983, the Platte County dispatcher requested a car to handle a suspicious vehicle and occupant call at 5109 N.W. Ridgewood in Riverwood, Missouri. The vehicle was described as a newer model red Chevrolet van with tinted glass side windows, wire wheels, and Kansas license plates. The driver of the van was described as a white male with brown hair wearing wire rim glasses, blue jeans and a checked (plaid) shirt. The driver of the van went to the door of 5109 N.W. Ridgewood and stated that he had papers to serve on Clinton Smart. When told that Clinton Smart did not live at 5109 N.W. Ridgewood, the driver of the van reportedly became belligerent. He left after the owners of 5109 N.W. Ridgewood called the police.

The Platte County dispatcher stated that the van was possibly en route the (sic) Amos M. Smart residence on M–45. (Amos M. Smart is the father of Clinton Smart.)

At 9:48 p.m., the Platte County dispatcher put out a call of shots fired into the Amos M. Smart residence on M–45. The vehicle seen leaving the area was described as a red or orange newer model van with a side window. The van was reported to be southbound on M–45.

I was northbound on M–45 at M–9 when the dispatch of the shots fired was broadcast.

At 9:50 p.m., I observed a 1977 red Chevrolet van with tinted glass windows and Wyandotte County, Kansas licenses (sic) plates turn off of M–45 onto Hogan Drive. The van pulled into a parking place of the El Dorado Apartment Com-

plex at Hogan Drive and Lema Street in Platte County.

The driver of the van (a white male with brown hair wearing wire framed glasses, blue jeans and a plaid shirt) started to walk toward Apartment # 6. I instructed him to move out into the light and lie on the ground. As he did so, he stated, "What did you expect me to do? My wife ran off with a m___f___ drunk." When backup officers arrived, I placed the driver of the van in handcuffs and advised him of his rights as set forth by the Miranda decision.

The driver of the van was identified as Charles Halic Simmons II, age 28, date of birth ?–16–55. He resides at 5034 Locust, Kansas City, Kansas, zip code 66106. There were two children asleep in the van, Charles Simmons, age 5; and Cristy Simmons, age 2. Both children were released to their uncle by Mr. Simmons.

A search of the van revealed a blue steel Llama .22–caliber (long rifle) semi-automatic pistol, serial number 865818, hidden in the map pouch on the driver's door. The pistol had two rounds in the magazine. One fired .22–caliber long rifle shell was found on the inside step of the van. Two fired .22–caliber shells were found on the ground underneath the step of the van. A single shot .22–caliber (long rifle) rifle manufactured by Hawthorne Sentry (no serial number) was found in a storage compartment in the back of the van.

Mr. Simmons was advised that he was under arrest for the following charges:

Possessing a Concealed Weapon

Unlawful Use of a Weapon

Driving While Intoxicated (U.T.T. # B753065 was issued)

Vehicle License Violation (U.T.T. #– B753066 was issued)

On July 19, 1983 at 11:59 a.m., I called Mr. Smart and asked if he would look and see if he could find any expended .22–caliber long rifle shells on the roadway near where he had seen the van.

At 6:30 p.m., I contacted Mr. Smart, who stated that he had found and marked the location on two expended .22–caliber long rifle rounds. The first shell was found on the north shoulder approximately 150 feet west of his driveway about six inches off the blacktop. The second shell was found approximately 163 feet west of the driveway right at the edge of the blacktop.

The Llama pistol (serial number 865818), the two expended .22–caliber shells found at the Smart residence, and the three expended .22–caliber shells found at the location of the arrest were turned over to Detective Dave Ross of the Platte County Sheriff's Office. Detective Ross will forward the pistol and cases, along with the bullet heads recovered at the Smart residence, to the Region Eight Crime Lab in Kansas City, Missouri for ballistic tests.

The appellant raises two points on appeal which charge, in summary, that the trial court erred (1) in finding him guilty of knowingly discharging a firearm into a dwelling house because the evidence was not sufficient to sustain a conviction, and (2) in finding him guilty of knowingly concealing a weapon because the evidence was not sufficient to sustain a conviction.

Appellant was convicted on both counts under § 571.030, which states in part:

1. A person commits the crime of unlawful use of weapons if he knowingly:

(1) Carries concealed upon or about his person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use; or

\* \* \* \* \* \*

(3) Discharges or shoots a firearm into a dwelling house, ...

Under his point (1), appellant argues that there was no evidence that *he* fired shots into the residence of Amos Smart. This court agrees with appellant that the evidence was not sufficient to sustain this conviction.

■ The burden is on the state to prove guilt. *State v. Prier*, 634 S.W.2d

197, 200 (Mo. banc 1982). The most basic requirement of the trial of an accused is that he be shown to be the person who committed the offense. *State v. Cannon,* 486 S.W.2d 212, 214 (Mo.1972).

■ The only evidence directly linking appellant to the alleged shooting was the dispatcher's report that appellant was seen leaving the area. Although appellant's pistol was recovered and empty shell casings were found near the scene of the alleged shooting, these casings were never matched with appellant's pistol. Therefore, the state's case rests solely on appellant's presence at the scene and flight therefrom.

■ Flight is a circumstance to be considered against an accused in connection with other evidence of the commission of a crime. *State v. Sprous,* 639 S.W.2d 576, 578 (Mo.1982). Appellant's "flight" however, if indeed his leaving may be considered flight, is of itself insufficient to support a conviction. *See State v. Simmons,* 494 S.W.2d 302, 305 (Mo.1973); and, *State v. Castaldi,* 386 S.W.2d 392, 395 (Mo. 1965). Therefore, appellant's conviction for violation of § 571.030.1(3) is hereby reversed.

Appellant next challenges the sufficiency of the evidence to sustain the conviction on the concealed weapons charge. Appellant argues that the evidence failed to establish that when the weapon was upon or about appellant's person that it was in fact concealed.

■ Although there is no evidence to establish where the weapon was while appellant was in the automobile, i.e., whether it was concealed at that time, the lack of such proof does not render the evidence insufficient to sustain the conviction.

■ A prima facie case of carrying a concealed weapon is made upon the state's evidence or reasonable inferences therefrom which demonstrates (a) the carrying of a dangerous or deadly weapon, (b) concealed on or about the person, (c) along with an intent to so conceal. *State v. Shaw,* 647 S.W.2d 612, 613 (Mo.App.1983).

The evidence established that a Llama .22–caliber pistol was recovered from within the van driven by appellant. Appellant does not deny that a Llama .22–caliber pistol is a dangerous or deadly weapon. The evidence also established that the weapon was concealed in that it was found "hidden in the map pouch on the driver's door."

■ The question of whether a weapon is on or about the person, as forbidden by the statute, is determined by whether it is in such close proximity to the accused so as to be within his easy reach and convenient control. *State v. Jackson,* 645 S.W.2d 725, 727 (Mo.App.1982). Although appellant was apprehended some distance from the van wherein the concealed weapon was found, that does not preclude a finding that while appellant was in the van the weapon was in such close proximity to him as to be within his easy reach and convenient control. *See State v. Achter,* 514 S.W.2d 825, 827–28 (Mo.App.1974). Appellant challenges the evidence to establish this second element in that there was no proof that the weapon was in fact concealed while he was in the van.

■ When reviewing the sufficiency of the evidence, the facts and all favorable inferences which can be reasonably drawn therefrom must be considered in the light most favorable to the state. *State v. Brown,* 660 S.W.2d 694, 698–99 (Mo. banc 1983). If the pistol was not concealed while appellant was driving the van, as he would have this court believe, then it is a reasonable inference that appellant concealed the pistol before exiting the van because it is safe to say the pistol did not conceal itself after appellant left.

■ Finally, the requisite intent for carrying a concealed weapon may be inferred from the fact that the weapon was, in fact, hidden from view. *See State v. Pruitt,* 556 S.W.2d 63, 66 (Mo.App.1977), and *State v. Rice,* 490 S.W.2d 27 (Mo.1973). The evidence was sufficient to satisfy all the requisite elements.

Applying the law to the facts in this case, this court finds that the conviction under § 571.030.1(3) cannot be sustained and is hereby reversed, but that the conviction under § 571.030.1(1) is affirmed.

All concur.