**STATE of Missouri, Respondent,**

v.

**Harry HERMON, Jr., Appellant.**

**No. 55142.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 27, 1989.

As Corrected July 18, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant was found guilty by a jury of burglary in the second degree. RSMo § 569.170 (1986). The court sentenced defendant as a prior offender to twelve years imprisonment. From this conviction and sentence the defendant appeals. We affirm.

In reviewing the record of a criminal conviction, the court will accept as true all evidence tending to prove defendant guilty together with all reasonable inferences supportive of the verdict. *State v. Porter,* 640 S.W.2d 125 (Mo.1982). In reviewing the evidence in the light most favorable to the State, the following facts were adduced at trial. Elmer McHenry, Jr. is the President of McHenry Truck Equipment, located at 3838 Cote Brilliante. McHenry Truck Equipment is surrounded in the front with a 10 foot cyclone fence and in the rear by a

wrought iron fence. When McHenry left on June 10, 1987, around 6:00 p.m., he locked the door, padlocked the fences and set the alarm. Between 4:00 and 5:00 a.m. on June 11, 1987, Officer Robert Jones of the St. Louis Police Department responded to an alarm sounding at McHenry Truck Equipment. Upon arriving at McHenry, he observed that a panel in the roll-up door in the front of the building had been broken out. While radioing this information to the dispatcher and assist car, Officer Jones observed defendant Harry Hermon looking out towards him. The observation lasted approximately a minute. Officer Jones then attempted to climb the cyclone fence and enter the yard and observed defendant crawling through the hole and running west. Officer Keough, from the assist vehicle, joined him in a subsequent search for defendant, who was found hiding under an air conditioner. Defendant was then advised of his *Miranda* rights. A stack of tools was found next to the roll up door in the front of McHenry Truck Equipment. Mr. McHenry testified that they had not been there when he locked up the building.

The defendant was indicted on charges of second degree burglary in July of 1987. In September of 1987, the circuit attorney filed a substitute information in lieu of indictment. This substitute information charged that "the defendant knowingly entered unlawfully in a building, located at 3838 Cote Brilliante and possessed by Elmer McHenry, for the purpose of committing stealing therein."

The trial was held on May 25, 1988. After presentation of the State's evidence, the circuit attorney requested leave to file an amended information. This leave was granted and the amendment was submitted by way of handwritten memo to change the information to read "defendant acting alone or with another person entered unlawfully in a building located at 3838 Cote Brilliante and possessed by Elmer McHenry, for the purpose of committing stealing therein."

The defendant first claims that the substitute information, as amended, is fatally defective since it deleted the word

"knowingly" and thus omitted an essential element of the crime under RSMo § 569.170 (1986). *See State v. Gilmore*, 650 S.W.2d 627, 628–29 (Mo. banc 1983). We need not address this issue, however, because the amendment to the substitute information is a nullity due to the form in which it was made.

In *State v. Beal*, the prosecuting attorney filed a memorandum with leave of the trial court to withdraw an allegation made in its substitute information. *State v. Beal*, 699 S.W.2d 66, 67 (Mo.App., E.D. 1985). The court of appeals found this memorandum to be a nullity with "no effect on the substituted information, the trial, or the sentence". *Id.* at 67. Here the facts are similar. The handwritten memorandum was not "an indictment, information, nor a substitute or amended information. It does not comply with the requirements of the statutes or rules as to the content of indictments or informations or their amendment." *Id. See also State v. Haymon*, 616 S.W.2d 805, 807–08 (Mo. banc 1981). *It accomplished no change in the charges.*

■ Since the amendment had no effect, this court must next consider whether or not the trial court erred in instructing the jury.

Instruction No. 5 states:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on June 11, 1987, in the City of St. Louis, State of Missouri, the defendant or another person knowingly entered unlawfully in a building located at 3838 Cote Brilliante and owned by McHenry Trucking Company, and

Second, that defendant or another person did so for the purpose of committing the crime of stealing therein, then you are instructed that the offense of burglary in the second degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of that burglary in the second degree, the defendant acted alone or with another person in committing that offense,

then you will find the defendant guilty of burglary in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, without his consent.

If you do find the defendant guilty of burglary in the second degree, you will return a verdict finding him guilty of burglary in the second degree.

Because the instruction refers to "the defendant or another person" and the substitute information referred only to the defendant, the defendant claims that the instruction is fatally flawed.

The defendant first claims that the instruction does not conform to the information and is, therefore, defective. In *State v. Hubbard*, the defendant was convicted of arson. The information charged that "defendant knowingly damaged an inhabitable structure" yet the instructions permitted conviction if "the defendant or another person knowingly damaged an inhabitable structure." The court stated that "A comparison of the above informations with the verdict-directors fails to disclose any variance between information and instruction by which the instruction submitted a new distinct offense from that which appellant was charged. In order for a variance to be fatal, the instruction must have submitted a new, separate and distinct offense, and obviously that did not occur." *State v. Hubbard*, 698 S.W.2d 908, 914 (Mo.App., W.D.1985).

The information/instruction variance in *Hubbard* is similar to the one posed here.

In both cases the information charged actions as a principal but instructions went to aider/abettor liability. In *State v. Price,* the court held that an accused is responsible regardless of whether he was a principal or an aider/abettor, so long as he made "an affirmative advancement of the criminal enterprise." *State v. Price,* 684 S.W.2d 566, 567 (Mo.App., E.D.1984). The court then concluded that regardless of the accused's status as principal or aider/abettor a new and distinct crime was not charged. *Id.* at 567. The same analysis applies with equal force here. The variance between the information and the instruction was not fatal since no new, separate and distinct crime was charged.

■ The defendant next contends that the evidence presented does not support instructing the jury on aider/abettor liability. The general rule is that where evidence warrants such a submission, the jury can properly be instructed to find the defendant guilty of either active participation or for aiding and abetting. *State v. Barnes,* 693 S.W.2d 331, 333 (Mo.App., S.D. 1985). Here evidence was presented that, after being given the *Miranda* warnings and being informed of the charge against him, the defendant voluntarily stated:

> Burglary Second? You may have me for a trespassing but you don't have me for burglary.... You didn't see me inside that building. You saw somebody else and he got away from you.... I was a lookout.

This admission by the defendant was sufficient to support an instruction to the jury on aider/abettor liability.

Defendant points to *State v. Byrd* to support his argument but it fails to do so. *State v. Byrd,* 213 S.W. 35 (Mo.1919). In *Byrd,* the defendant had been chasing the deceased through a carnival midway. Three or four shots were fired ahead of defendant which he had nothing to do with. The Missouri Supreme Court held that instructing on aiding and abetting was error in that no evidence had been presented that the defendant was acting in conjunction or in common design with another person. *Id.* at 37. Such is not the case here. Here,

the admission of the defendant that he was a "lookout" for someone in the building militates against any argument that common design was lacking. The instruction was, therefore, not error.

The judgment of the trial court is affirmed.

GRIMM, P.J., concurs.

KAROHL, J., dissents.