STATE of Missouri, Respondent,

v.

Ralph B. CLARK, Appellant.

Ralph B. CLARK, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54114, 55834.

Missouri Court of Appeals, Eastern District, Northern Division.

Dec. 5, 1989.

Vicki A. Dempsey, Hannibal, and Henry B. Roberston, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant, Ralph Clark, appeals from the convictions by a jury of possession of burglar's tools and unlawful use of a weapon. He was sentenced to consecutive terms of two years and four years respectively. This appeal is consolidated with an appeal from the denial of his Rule 29.15 motion to vacate sentence. We reverse in part and affirm in part.

We review the evidence in a light most favorable to the verdict. On September 2, 1987, Gary Montgomery and Travis Mosley were at Mosley's trailer in Bloomfield, Iowa, discussing how to burglarize a bank in Downing, Missouri. Montgomery contacted Rick Morse, who in turn contacted defendant to help with the burglary. Defendant and Morse, both from St. Louis, came to the trailer in a white van and brought with them a crowbar, sledgehammer and a .38 pistol which Morse brought into the trailer in a green bag. The pistol was Morse's.

The four men then discussed their plans for the robbery of the bank at Downing, Missouri. The money was to be divided equally among the four men. Defendant's job was to be the driver. While the four men were in the trailer, the pistol was on the table. Defendant handled the pistol while at the trailer.

Later, Montgomery and Mosley loaded the van with the burglary tools including the green bag with the pistol in it. Defendant and Morse did not participate in the loading but stood in the front and on the side of the van. The four then got into the van and headed for the bank. Defendant was driving with Mosley sitting on the floor directly behind him and Morse next to Mosley. Mosley held the green bag carrying the pistol between his legs.

While en route to the bank, Highway Patrolman Johnson observed defendant's white van bearing expired license plates. Patrolman stopped the vehicle and asked defendant to produce his driver's license. Defendant stepped out of the van but was unable to produce his driver's license. Patrolman ran a computer check on defendant which revealed defendant's license had been suspended. Patrolman placed defendant under arrest for driving with a suspended license. When patrolman questioned defendant about where he was going and who the others were in his van, defendant said he did not know all their names and he was vague about where they were going and what they were doing.

Patrolman asked the others to get out of the van and then impounded the van due to its location on the highway. The van was towed away by a wrecker service. An inventory search was performed at the wrecker service by patrolman. Inside the van was a hammer, a cordless drill, some jumper wires, an electronic ohmmeter, drill bits, wire cutters, screwdrivers, throwing knives, various punches, a chisel, a large crescent wrench, a crowbar, two tire tools, a flashlight, binoculars, a voice activated headset, two books, (one titled "Techniques of Safe and Vault Manipulation" and the other "Modern Locksmithing") and a handwritten formula for homemade explosives. A .38 pistol was also found inside a green bag directly behind the driver's seat. The

weapon was concealed beneath the flap of the green bag.

Defendant was charged by a two-count information of possession of burglar's tools and unlawful use of a weapon. Defendant was not charged with conspiring to carry a concealed weapon. A jury trial was held on November 19, 1987. Defendant took the stand in his own defense. He testified that the van was his as were most of the tools found in the van which he used in his construction business. He testified he was not aware of any of the other items (including the pistol) found in his van when the inventory search was conducted.

Defendant appeals his conviction contending the State failed to present a submissible case that he knowingly carried and concealed a .38 pistol and that the information charging him was insufficient. Defendant also challenges the denial of his Rule 29.15 motion to vacate sentence after an evidentiary hearing contending his trial counsel was ineffective in failing to seek severance of the charges and the withholding of exculpatory evidence by the State.

Initially, defendant asserts the State failed to make a submissible case on the carrying a concealed weapon charge in that the State failed to prove defendant knowingly carried the .38 pistol concealed on or about his person, where defendant did not take part in the loading of the van, there was no evidence he knew the pistol had been loaded in the van and there was no proof the pistol was within his easy reach and convenient control.

 A prima facie case of carrying a concealed weapon is made upon the State's evidence or reasonable inferences therefrom which demonstrates (a) the carrying of a dangerous or deadly weapon, (b) concealed on or about the person, (c) along with an intent to so conceal. *State v. Simmons*, 716 S.W.2d 427, 430[6] (Mo.App. 1986). The question of whether a weapon is on or about the person is determined by whether it is in such close proximity to the accused so as to be within his easy reach and convenient control. *Id.* [7, 8]. The requisite intent for carrying a concealed weapon may be inferred from the fact that

the weapon was in fact hidden from view. *Id.* [11].

 The seminal issue is whether the pistol was concealed on or about the person of defendant so as to be within his easy reach and convenient control where the pistol, found in defendant's van, was not defendant's but a passenger's, carried into the van by another and while defendant was driving, the pistol was in a bag between the legs of a passenger sitting at least one person away from defendant. Two cases are helpful.

In *State v. Simon*, 57 S.W.2d 1062, 1063[1, 2] (Mo.1933), defendant and passenger in defendant's car were arrested on another charge. Defendant was taken to the police station by a police officer. While en route to the police station, defendant told officer the passenger in his car had a gun in his pocket. The passenger and the car were searched and a concealed gun was found in a space in the car between the right side of the car and the cushion. Defendant was convicted of carrying a concealed weapon. The court reversed defendant's conviction and remanded for a new trial stating:

> [m]ere knowledge on the part of [defendant] that [passenger] was committing the crime of carrying concealed a deadly weapon ... and even [defendant's] presence at the time, without any evidence of any act of participation by [defendant] in the wrongdoing of [passenger], does not tend to establish in any degree [defendant's] guilt of the charge against him.... [defendant's] display of knowledge that [passenger] had a weapon concealed in the car was not evidence of the guilt of defendant....

*Id.* at 1063–1064[1, 2].

In *State v. Williams*, 481 S.W.2d 1, 3[1] (Mo.1972), defendant with a passenger in his car was stopped by police for having no state license plate on his car. The officer approached the car and asked defendant to produce a license. Officer shined his flashlight into the car, and as passenger moved his leg, officer saw a pistol. Defendant was convicted of carrying a concealed

weapon. Our court reversed the conviction finding the fact that passenger may have intentionally or unintentionally hidden the weapon from view of officer does not establish defendant concealed the pistol. This is particularly true when it appears at the time of the purported concealment defendant was not even present in the vehicle and there is no evidence of an agreement between defendant and passenger to hide the weapon nor any showing defendant knew the weapon was concealed by the passenger.

The State contends the following testimony by Montgomery establishes the pistol was on or about the person of defendant and defendant's knowledge the pistol was within his access:

> [PROSECUTOR] Q Would it [pistol] have been in a location where Mr. Clark [defendant] could have reached it, where it would have been accessible to him? [MONTGOMERY] A If need be, it could have been.

The evidence reveals defendant drove Morse to the trailer. Morse brought the pistol in a green bag. Defendant saw the pistol on a table in the trailer and handled it. Defendant did not participate in the loading of the van. Mosley placed the pistol in the van. It is not disputed that defendant was with his four companions on the way to rob a bank. However, no evidence establishes defendant knew the pistol was loaded into the van or knew that it was between Morse's legs in the van. There is no evidence there was an agreement between defendant and his companions to hide the pistol or that it was for all to have access to. It cannot be presumed from the above testimony of Montgomery that defendant knew the pistol was accessible to him, without evidence defendant knew the pistol was in the van or evidence that defendant had an agreement with his partners that the pistol was for the use of them all. *State v. Williams*, 481 S.W.2d at 3[1]. This point is reversed.

■ Defendant's second point complains about the submission of Instruction No. 5 which submitted he had knowledge of some other person's purpose to make forcible entry whereas the information charged him with the purpose to make a forcible entry himself.

Defendant's motion for new trial did not contain as an alleged error, the variance between the information and the evidence at trial in Instruction No. 5 nor was this issue raised at any time at trial. We review under plain error. Rule 30.20. The burden of demonstrating the action of the trial court resulted in manifest injustice or miscarriage of justice is upon the defendant. *State v. Groves*, 646 S.W.2d 82, 83[1, 2] (Mo. banc 1983).

■ In order for a variance between the information and the verdict directing instruction to be fatal and require reversal, it must submit a new and distinct offense from that which defendant was charged. *State v. Price*, 684 S.W.2d 566, 567[1] (Mo. App.1984). Additionally, the defendant must be prejudiced by the variance and the variance must be material. *Id.*

Defendant was charged under § 569.180, RSMo 1986 which states in relevant part:

> 1. A person commits the crime of possession of burglar's tools if he possesses any tool, instrument ... adapted, designed or commonly used for committing or facilitating offenses involving forcible entry into premises, with a purpose to use or knowledge that some person has the purpose of using the same in making an unlawful forcible entry into a building....

The information charged defendant with "[v]iolation of Section 569.180 RSMo ... possession of burglary tools ... and defendant so possessed such tools and instruments with a purpose to use the same in making an unlawful entry into a building...."

Instruction No. 5 required a jury finding "[t]hat defendant possessed such tools with knowledge that some person had the purpose of using them in making an unlawful forcible entry into a building...."

The information charged defendant with possession of burglary's tools and that was the same offense submitted to the jury. The information when compared with the

instruction did not charge a separate or distinct crime. Additionally, the information was sufficient to permit defendant to prepare his defense and to prevent him from ever being retried upon the same charge. *State v. Coleman*, 660 S.W.2d 201, 218[14, 15] (Mo.App.1983).

There is no error, plain or otherwise in the variance between the information and the instruction. This point is denied.

Defendant's last two points alleging the motion court erred in denying his Rule 29.15 motion to vacate sentence after an evidentiary hearing both deal with his carrying a concealed weapon conviction. Since we reversed this conviction in point one, we need not address these final two points.

Judgment affirmed as to the possession of burglary's tools conviction and reversed as to the carrying a concealed weapon conviction.

DOWD, P.J., and KAROHL, J., concur.