**STATE of Missouri, Respondent,**

v.

**David HUGHES, Jr., Appellant.**

No. 50712.

Missouri Court of Appeals,
Eastern District,
Division One.

June 9, 1987.

J. Andrew Walker, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Presiding Judge.

Defendant, David Hughes, Jr., was convicted by a jury of burglary, second degree and stealing over $150, §§ 569.170 and 570.030(2), RSMo.1986. Defendant was sentenced to 12 years imprisonment on each charge, the sentences to be served concurrently. Defendant appeals only the stealing conviction. We reverse and remand the stealing conviction and sentence.

On October 12, 1984, police found defendant and Don McKinney in a car near a tire store that had been broken into. Defendant and McKinney were arrested after police found items from the tire store in their car. Defendant was charged by information, in Count I, with second degree burglary and, in Count II, with stealing over $150.

The prosecutor filed two additional, separate pleadings. One was entitled: "Amended Information", the other: "Second Amended Information". The pleading entitled "Amended Information" charged defendant in two counts: Count I—burglary, second degree, Count II—stealing, third offense and further charged defendant as a persistent offender. The pleading entitled "Second Amended Information" also

charged defendant in two counts: Count I—burglary, second degree, Count II—stealing, third offense and further charged defendant as a persistent offender. On the first day of trial, prior to the jury being sworn, the prosecutor attempted to prove alleged prior stealing offenses of defendant in order to support the charge of stealing third offense. Concerned that he failed to sustain his burden of proof on the prior offenses, the prosecutor orally moved to amend the stealing count from stealing, third offense to stealing over $150. The trial court granted the motion over defendant's objection. However, no additional amended information charging defendant with stealing over $150 was filed. Nonetheless, as noted, defendant was convicted of stealing over $150.

Defendant's argument on appeal is neither clear nor explicit. As we understand it, defendant appears to argue he could not be tried for stealing over $150 because the prosecutor never formally amended the last information filed against him. In an attempt to ensure our understanding of defendant's argument was correct, we carefully reviewed the procedural history of this case. In doing so, we found the record almost incomprehensible.

■ Oral amendments of charges in a criminal case are normally rejected because they do not comply with the essential requirements for a proper charge. *E.g., State v. Haymon,* 616 S.W.2d 805, 808 (Mo. banc 1981); *State v. Beal,* 699 S.W.2d 66, 67 (Mo.App.1985). §§ 545.030 and 545.040 RSMo.1986; Rule 23.01. In very rare cases oral amendments have been affirmed, each with a warning, however, that the affirmance is limited to the particular facts of the case. *See, e.g., Wilkinson v. State,* 461 S.W.2d 283, 285 (Mo.1970). The present case exemplifies the dangers of oral amendments.

In their briefs, both parties stated the informations were filed in the following sequence:

(1) "Nov. 7, 1984   information filed charging second degree burglary and stealing over $150.

(2) June 21, 1985   amended information filed charging defendant as a persistent offender as to the above counts.

(3) July 1, 1985   second amended information filed amending the stealing count to stealing third offense."

The "Amended Information" found in the Legal File, however, is not dated June 21, 1985; rather, it is dated June 27, 1985. The "Second Amended Information" found in the Legal File, is not dated July 1, 1985; rather, it is dated June 21, 1985.

Moreover, the minute entries of the trial court relevant to these filings read:

"11/7/84" ....... "Information filed"

.    .    .    .    .

"6/21/85" ....... "Second Amended Information approved filed"—

.    .    .    .    .

"7/1/85" ........ "Cause assigned ... for trial. Amended information filed".

To resolve these discrepancies, we requested an explanation from both parties. In response, they agreed between themselves the record should read:

1. "The pleading entitled 'Second Amended Information' was filed on June 21, 1985."

2. "The pleading entitled 'Amended Information' was filed on June 27, 1985."

Implicit in this agreement is the unarticulated premise that ministerial errors were made either in typing the informations or in making the minute entries or in doing both. Normally, with both parties being represented by counsel, we would accept the agreement and proceed on the agreed-to record. In the present case, however, we find the parties' implicit explanation and express agreement unacceptable.

According to the parties' agreement, defendant must have been tried on the "Amended Information" charging him with stealing over $150. However, the transcript reveals the prosecutor stated he was proceeding to trial on the "Second Amended Information" not the "Amended Infor-

mation". As noted, the "Second Amended Information" charged defendant with stealing, third offense, and, apparently, it was the prior stealing offenses alleged in that information which the prosecutor believed he failed to prove.

More important, perhaps, and more confusing, the "Second Amended Information" charges defendant, in Count II, with a stealing that occurred "on or about Tuesday, May 8, 1984, at approximately 1:07 P.M., at 7526 Forsyth", by defendant appropriating "U.S. currency ... property owned by Tracy Portnoy". However, the stealing proved at trial to support the charge in Count II was a stealing which occurred on "October 12, 1984, between 2:00 a.m. and 2:04 a.m., at 803 South Florissant...."

■ Admittedly, after the trial court granted the prosecutor's oral motion to amend, defense counsel asked: "So we are proceeding on stealing over 150?", and the Court responded "Yeah". Arguably, then, the trial court, the prosecutor and defense counsel each knew what the other meant. This argument is weak and unpersuasive. At best, the record is inexplicable. To reconstruct a sensible explanation of what defendant was being charged with and prosecuted for requires metaphysics unavailable to us. It is quite easy to say: "*Obviously*, defendant was being charged with this" or "Defendant *must have been* charged with that". "Obviously" and "must have been" are nothing more than paper thin bridges to fill the chasm from fact to conclusion which cannot be bridged by logic. In short, the present record is an insufficient basis for convicting and imprisoning defendant on the charge of stealing over $150.

Normally the appellant, here the defendant, is required to produce a proper record on appeal. Rule 30.04(c). Since the record is insufficient, we could, perhaps, dismiss this appeal for his failure to do so. Rule 30.09(b). However, the flaws in this record are in the charges, a process controlled exclusively by the prosecutor. At best, the present record reflects an injustice, namely, a defendant being convicted of a crime

other than the one with which he was charged. *See, e.g., State v. Bolden*, 494 S.W.2d 61, 65 (Mo.1973).

Accordingly, we reverse the sentence and conviction on the stealing count and remand for a new trial on that charge.

CRIST and KELLY, JJ., concur.