**STATE of Missouri, Respondent,**

v.

**Marvin L. SANDERS, Appellant.**

**Marvin L. SANDERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. WD 44873, WD 46070.

Missouri Court of Appeals,
Western District.

April 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1994.

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and HANNA, JJ.

ULRICH, Presiding Judge.

Marvin L. Sanders was convicted by a jury on April 15, 1991, of the offenses of driving while intoxicated, section 577.010, RSMo 1986, and driving while revoked, section 302.-321, RSMo Supp.1992. Mr. Sanders was sentenced on May 23, 1991, as a persistent intoxication-related traffic offense offender, section 577.023.3, RSMo 1986,[1] to consecutive sentences of five years imprisonment in the Missouri Department of Corrections and one year in the Nodaway County Jail. Mr. Sanders subsequently filed a Rule 29.15 motion for postconviction relief alleging that he was denied effective assistance of counsel in violation of the Sixth Amendment. Mr. Sanders' postconviction motion was denied without an evidentiary hearing. Mr. Sanders brings this consolidated appeal, contending the trial court erred (1) in finding him to be a persistent intoxication-related traffic offense offender and in sentencing him as such, and (2) in sustaining the jury's verdict and sentencing him on his conviction for driving while revoked. Mr. Sanders does not raise issues pertaining to his postconviction motion and, thereby, abandons his appeal of the motion court's denial of his postconviction Rule 29.15 motion. *State v. Barnard,* 820 S.W.2d 674, 677 (Mo.App.1991).

The judgment of conviction is affirmed. The sentence imposed for violation of section 302.321 is affirmed. The sentence imposed for violation of section 577.010 is reversed. The case is remanded to the trial court for determination under section 577.023.5(3) whether Mr. Sanders is a prior offender and for resentencing for the violation of section 577.010.

On September 28, 1990, Mr. Sanders was arrested for driving while intoxicated. Mr. Sanders was subsequently charged with driving while intoxicated, being a persistent intoxication-related traffic offense offender, and driving while revoked under the following amended information:

*Count I*

The Prosecuting Attorney of the County of Nodaway, State of Missouri, charges that the defendant, in violation of Section 577.010, RSMo., committed the class D felony of driving while intoxicated, punishable upon conviction under Sections 558.-011.1(4), 560.011 and 557.023.3, RSMo., in that on or about the 28th day of September, 1990, west of Quitman, in the County of Nodaway, State of Missouri, the defendant operated a motor vehicle while under the influence of alcohol; and,

On or about the 2nd day of June, 1989, the defendant drove a motor vehicle while intoxicated and was convicted on November 13, 1989, in the Circuit Court of Nodaway County, Missouri; and,

On or about the 15th day of May, 1989, the defendant operated a motor vehicle with a blood alcohol content in excess of ten-hundredths of one percent (.10%) and was convicted on November 13, 1989, in the Circuit Court of Nodaway County, Missouri.

*Count II*

The Prosecuting Attorney of the County of Nodaway, State of Missouri, charges that the defendant, in violation of Section 302.321, RSMo., committed the class A misdemeanor of driving while license was suspended, punishable upon conviction under Sections 558.011.1(5), 560.016.1(1), and 302.321, RSMo., in that on or about the 28th day of September, 1990, in the County of Nodaway, State of Missouri, the defendant drove a motor vehicle on a highway, west of Quitman, after his operator's license was revoked under the provisions of 302.010 to 302.340.

A jury trial was held in the matter on April 15, 1991. On the day of the trial, but prior to evidence being presented, the trial court found that Mr. Sanders was a persistent intoxication-related traffic offense offender. During the actual trial, Mr. Sanders testified that he had three prior driving while intoxicated convictions in Missouri and one in

---

**1.** Portions of section 577.023 have been amended effective July 1, 1992. The amendments do not substantively affect the statutory provisions cited here, and all references in the discussion will be to section 577.023, RSMo Supp.1992.

Iowa. Additionally, he stated he had pleaded guilty on November 13, 1989, to operating a motor vehicle with a blood alcohol content of .10% in Nodaway County, Missouri. Also during the trial, the State introduced into evidence certified copies of Mr. Sanders' driving record showing that his license was revoked at the time of his arrest.

The jury ultimately found Mr. Sanders to be guilty of driving while intoxicated and driving while revoked. The trial court sentenced Mr. Sanders on May 23, 1991, as a persistent intoxication-related traffic offense offender to consecutive sentences of five years imprisonment in the Missouri Department of Corrections and one year in the Nodaway County Jail. Mr. Sanders appeals the convictions and sentences.

## I.

Mr. Sanders contends as his first point on appeal that the trial court erred in finding him to be a persistent intoxication-related traffic offense offender because the ruling was contrary to section 577.023 in that the State pleaded and proved only two offenses prior to the one involved in this case, and section 577.023 requires that the State plead and prove a total of three offenses prior to the one at bar, two of which must be within ten years of a previous conviction.[2] Mr. Sanders cites *State v. Stewart*, 832 S.W.2d 911 (Mo. banc 1992), in support of his contention.

[1] The legislature has defined the terms "persistent offender" and "prior offender" as they pertain to intoxication-related traffic offenses in section 577.023.1:

(2) A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction; and

(3) A "prior offender" is one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense

within five years of a previous intoxication-related traffic offense conviction.

In *Stewart*, the Missouri Supreme Court determined that the plain language of section 577.023.1(2) requires proof of "two offenses within ten years of a previous offense, *not* two prior to the one for which enhancement is sought." *Stewart*, 832 S.W.2d at 913. The supreme court directed that the decision in *Stewart* be applied "to all pending cases not finally adjudicated as to the date of this opinion." *Id.* at 914. Thus, in this case the State was required to charge and prove "a total of three offenses prior to the one at bar" in order to punish Mr. Sanders as a persistent offender. *Id.* at 913. The State admits it only pleaded and proved two prior intoxication-related traffic offenses and concedes that the trial court plainly erred in finding Mr. Sanders to be a persistent offender based on only two prior offenses.

By extending the rationale of *Stewart*, section 577.023.1(3) requires proof of one offense within five years of a previous offense for a total of two offenses prior to the one at bar in order to punish someone as a prior offender. *State v. Olson*, 844 S.W.2d 539, 540 (Mo.App.1992). Accordingly, Mr. Sanders could have been sentenced as a prior offender to class A misdemeanor penalties but not as a persistent offender, a class D felon. *Id.* Mr. Sanders' sentence of five years imprisonment for his driving while intoxicated conviction exceeds the maximum term of imprisonment authorized by statute for a class A misdemeanor. Section 558.011.-1(5), RSMo Supp.1992. Mr. Sanders asks this court to vacate his sentence for the Count I, driving while intoxicated, conviction and remand the cause to the trial court for resentencing within the range of punishment for a prior offender of the class A misdemeanor of driving while intoxicated.

The State argues that the more appropriate remedy would be to remand the case in order to allow the state to amend the information and resubmit proof of prior convic-

---

2. The State correctly notes in its brief that Mr. Sanders' motion for a new trial does not allege this point of error. However, as the State acknowledges, Mr. Sanders is entitled to plain error review, for sufficiency of sentence is a ques-

tion of jurisdiction that must be reviewed even if not preserved for appeal. *State v. Moore*, 633 S.W.2d 140, 148 (Mo.App.1982); *see also State v. Porter*, 641 S.W.2d 843, 849 (Mo.App.1982).

tions, should Mr. Sanders have any other intoxication-related traffic offenses on his record, after which a hearing should be held to determine Mr. Sanders' status as a prior or persistent offender. This court has recently rejected the State's argument, *State v. Hurd*, No. 44924, 1993 WL 69464 (March 16, 1993); *State v. Collins*, 849 S.W.2d 228 (Mo. App.1993), as has the southern district, *Tate v. State*, 846 S.W.2d 236 (Mo.App. 1993); *Olson*, 844 S.W.2d 539.[3] The argument is similarly rejected here.

The State bases its argument in part on the holdings in *State v. Street*, 735 S.W.2d 371 (Mo.App.1987), and *State v. Hutton*, 825 S.W.2d 883 (Mo.App.1992). This court, however, has previously found *Street* and *Hutton* to be inapposite to this issue, firmly announcing that the State will not be provided "a second chance to try its case by allowing it to look for and prove additional convictions," *Collins*, 849 S.W.2d at 230 even where some evidence of an additional conviction exists. *See Hurd*, No. 44924, slip op. at 12, 18–19 (where although the court indicated that it was palpable from a trial exhibit that three intoxication-related traffic offenses prior to the offense charged in the prosecution were shown, the State still was not allowed to amend the information to prove an additional conviction).

■ Section 577.023 sets forth the procedural requirements which must be met in order for the court to find that a defendant is a persistent intoxication-related traffic offender. As the *Hurd* opinion recognizes, failure to follow the procedural requirements of enhanced penalty adjudications like those established under section 577.023 are often excused by the courts. *Hurd*, No. 44924, slip op. at 16–17. However, the procedural requirements of section 577.023 were enacted "to ensure the due process predicate for an enhanced punishment, and that predicate consists of 'those safeguards essential in a criminal prosecution.'" *Id.* at 17 (quoting *State v. Berry*, 609 S.W.2d 948, 956 (Mo. banc 1980). As the court in *Hurd* noted, an essential safeguard in a criminal prosecution is an information that fully informs the defendant of the offense for which the defendant stands charged, and section 577.023.5(1) authorizes the court to find the defendant to be a persistent offender only if the information pleads the "essential facts"—three intoxication-related traffic offenses prior to the one at bar. *Hurd*, No. 44924, slip op. at 17–18. Moreover, these facts must be "pleaded, established and found prior to submission to the jury outside of its hearing." § 577.023.6.

The information charging Mr. Sanders pleaded only two prior offenses. As Rule 23.08 allows the amendment of an information only before verdict or finding, Rule 23.-08; *Hurd*, No. 44924, slip op. at 19, this case cannot be remanded to allow the State to amend the information post-verdict to plead an additional prior conviction. While the information did plead all essential facts and proof was made warranting a finding that Mr. Sanders was a prior offender, there remains for a completed adjudication that "the court made findings of fact 'that warrant a finding beyond a reasonable doubt by the court' that [Mr. Sanders] is a prior offender." *Hurd*, No. 44924, slip op. at 19 (citing § 577.-023.5(3)). The cause is therefore remanded to the trial court for determination under section 577.023.5(3) and for resentencing as a class A misdemeanor, should the trial court find Mr. Sanders to be a prior offender.

II.

As his second point on appeal, Mr. Sanders argues that the trial court erred in sustaining the jury's verdict and sentencing him on his conviction for driving while revoked. Mr. Sanders directs the court's attention to Count II of the amended information, which charges that

---

**3.** Expressing concern over the applicability of double jeopardy considerations to persistent offender sentencing proceedings, the Missouri Court of Appeals, Eastern District, recently transferred the case of *State v. Cobb*, No. 59774, 1993 WL 43672 (Mo.App. Feb. 23, 1993) to the Missouri Supreme Court on the issue of what the remedy should be for persistent offender findings rendered null by *Stewart*.

the defendant, in violation of Section 302.-321, RSMo., committed the class A misdemeanor of driving while license was *suspended* ... in that on or about the 28th day of September, 1990, in the County of Nodaway, State of Missouri, the defendant drove a motor vehicle on a highway, west of Quitman, after his operator's license was *revoked* under the provisions of 302.010 to 302.340.

(emphasis added). Mr. Sanders claims that Count II of the amended information charged him with "driving while license was suspended," such that the information was fatally defective and inadequate to charge the offense for which Mr. Sanders was convicted (driving while revoked). Mr. Sanders contends that because of the faulty information, the trial court lacked jurisdiction to try and sentence him for driving while revoked, and that his conviction for that offense must be reversed.

■ The purpose of an information is to inform an accused of the charges against him so that he may prepare an adequate defense and to prevent retrial on the same charges in case of acquittal. *State v. O'Connell,* 726 S.W.2d 742, 746 (Mo. banc 1987). The test for sufficiency of an information is (1) whether it contains all essential elements of the offense as set out in the statute creating the offense, and (2) whether it clearly apprises the accused of the facts constituting the offense. *Id.; State v. Nevels,* 804 S.W.2d 380, 382 (Mo.App.1991). A collateral attack on a conviction made on the basis of an alleged defective information will succeed only if the information "is so obviously defective that by no reasonable construction can it be said to charge the offense for which the prisoner was convicted." *Shive v. State,* 780 S.W.2d 359 (Mo.App.1989).

■ Mr. Sanders submits that *State v. Hughes,* 731 S.W.2d 54 (Mo.App.1987), is dispositive on this issue. *Hughes,* however, involved three written versions of the information in addition to an oral amendment of the charges, as well as an "inexplicable" record that caused the trial court to remark, "[t]o reconstruct a sensible explanation of what defendant was being charged with and prose-cuted for requires metaphysics unavailable to us." *Id.* at 56.

The confusion surrounding the charges in *Hughes* is not present here. The essential elements of the offense of driving while revoked as set out in section 302.321 are listed in Count II of the information: Mr. Sanders was driving a motor vehicle upon a Missouri highway while his driver's license was revoked. The information clearly apprises him of the facts constituting the offense: "on or about the 28th day of September, 1990, in the County of Nodaway, State of Missouri, the defendant drove a motor vehicle on a highway, west of Quitman, after his operator's license was revoked under the provisions of 302.010 to 302.340." The only mistake in the information is that it states first that Mr. Sanders committed the class A misdemeanor of driving while *suspended.* The information does state the fact that Mr. Sanders drove after his operator's license was *revoked.* The information lists the essential elements and facts comprising the offense of driving while revoked, and can be reasonably construed to charge the offense of driving while revoked. Point two is denied.

The judgment of conviction is affirmed. The sentence of one year in the Nodaway County Jail imposed for violation of section 302.321, RSMo Supp.1992 is affirmed. The sentence of five years imprisonment in the Missouri Department of Corrections imposed for violation of section 577.010, RSMo 1986 is reversed. The case is remanded to the trial court for determination under section 577.-023.5(3) whether Mr. Sanders is a prior offender and for resentencing for the violation of section 577.010, RSMo 1986.

All concur.