**STATE of Missouri, Plaintiff–Respondent,**

v.

**Carlos A. ARMSTRONG, Defendant–Appellant.**

**No. 21762.**

Missouri Court of Appeals,
Southern District,
Division One.

March 25, 1998.

Stacie Bilyeu, Springfield, for Defendant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for Plaintiff–Respondent.

PREWITT, Judge.

Following non-jury trial, Appellant was convicted of assault on a law enforcement officer in the third degree, a Class A misdemeanor. *See* Section 565.083, RSMo 1994. Appellant was sentenced to thirty days in the county jail. Appellant presents three points relied on, the first attacking the initial information under which Appellant was charged, and the second stating that the trial court erred in allowing the State to amend the information. As we conclude that there was no error in allowing the information to be amended, Point I becomes moot.

The information initially charged that Appellant caused physical contact with a sheriff's deputy, "knowing that such person would regard such contact as offensive or provocative." Apparently this charge was patterned after charges under Section 565.070.1(5), RSMo 1994. It provides that there can be assault in the third degree if a person "knowingly causes physical contact with another

person knowing the other person will regard the contact as offensive or provocative." On the other hand, Section 565.083.1(5) creates a violation if one "causes or attempts to cause physical contact with a law enforcement officer without the consent of the law enforcement officer."

■ The information recited that it was a charge under the latter section. Before the trial court made its finding, after attack upon the information by Appellant, the trial judge allowed an amendment "by interlineation by striking the words knowing that such person would regard such contact as offensive or provocative and replacing it with the language without the consent of " the deputy. This cured any deficiency in the information and we find no abuse of discretion by the trial judge in allowing the amendment.

Rule 23.08 provides:

Any information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced. No such amendment or substitution shall cause delay of a trial unless the court finds that a defendant needs further time to prepare his defense by reason of such amendment or substitution.

■ Allowing an oral motion to amend an information is not necessarily error even if the original information is insufficient to charge a crime. *See State v. Toney,* 680 S.W.2d 268, 271–72 (Mo.App.1984), *overruled on other grounds by State v. Carson,* 941 S.W.2d 518 (Mo.banc 1997). Nor do we see how the Appellant was prejudiced. He knew what the fact situation was and testified about it, as did his witnesses. No prejudice was established. Points I and II are denied.

For his remaining point, Appellant asserts that the evidence was insufficient to find him guilty in three respects: (1) there was no evidence as to the element of consent or lack thereof on the part of the officer; (2) the State's witnesses were in "direct contradiction of each other;" and (3) the evidence was overwhelmingly in Appellant's favor since his witnesses were consistent.

■ In reviewing to determine whether the evidence is sufficient, we view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict, disregarding all contrary evidence and inferences. *State v. Davis,* 824 S.W.2d 936, 941 (Mo.App.1992). The credibility of witnesses is for the trier-of-fact. *Id.* Testimony of one witness is sufficient to sustain a conviction. *Id.* Lack of consent may be established by circumstantial evidence from reasonable inferences. *State v. Comley,* 564 S.W.2d 330, 332 (Mo.App.1978).

■ There was evidence indicating that the victim of the assault had arrested or was attempting to arrest Appellant when Appellant launched himself backwards into the deputy, knocking him off his feet and into a ditch. It is certainly reasonable to infer that the officer did not give his consent to being knocked down, as well as consent to other physical contact upon himself.

We do not view the State's two witnesses as being in direct contradiction, as one was not sure how the contact was initiated, but the other witness was. Even if testimony of Appellant and his other witnesses was consistent does not mean the trier-of-fact had to find for him. Credibility was for the judge to assess. *State v. Hitchcock,* 676 S.W.2d 538, 540 (Mo.App.1984). The testimony of one witness was sufficient to support the conviction. *Id.* Point III is denied.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.