**STATE of Missouri, Respondent,**

v.

**John V. HICKS, Appellant.**

**No. WD 66795.**

Missouri Court of Appeals, Western District.

May 15, 2007.

R. Travis Willingham, Kansas City, MO, for Appellant.

Lynn M. Ewing, Prosecuting Attorney, Nevada, MO, for Respondent.

Before HOWARD, C.J., and EDWIN H. SMITH and NEWTON, JJ.

EDWIN H. SMITH, Judge.

John V. Hicks appeals from the judgment of the Circuit Court of Vernon County convicting him of two counts of the class A misdemeanor of third-degree assault of a law enforcement officer, in violation of § 565.083.[1] The appellant pled guilty, after having waived counsel in writing, and was sentenced to two concurrent[2] terms of six months in the Vernon County Jail, with credit for time served of 182 days.

The appellant raises three points on appeal. In Point I, he claims that the trial court erred in accepting his pleas of guilty to two counts of assault of a law enforcement officer in the third degree and sentencing him to two concurrent terms of six months in the Vernon County Jail because the court lacked "subject matter jurisdiction" to convict him in that the State failed to file a written misdemeanor information formally charging him with those crimes. In Point II, he claims that the trial court erred in accepting his written waiver of counsel because it was not made voluntarily, knowingly, and intelligently. In Point III, he claims that even assuming, *arguendo*, that the trial court had jurisdiction to convict him, it erred in denying his Rule

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

2. Although the trial court did not order the two sentences to run concurrently, in the absence of any language in the judgment that they were to run consecutively, the presumption is that they are to run concurrently.

§ 558.026.1. Moreover, in sentencing the appellant to six months on each count, the court gave him credit for time served, 182 days, as to each, such that it is implicit that the court was effectively treating the sentences as concurrent.

29.07(d)[3] motion to set aside his pleas of guilty because his pleas and/or his written waiver of counsel were not made voluntarily, knowingly, and intelligently. Because our resolution of the claim raised in Point I is dispositive of this appeal, we address it alone.

We reverse and remand as to Point I.

### Facts

The facts, in a light most favorable to the judgment, *State v. Davis,* 210 S.W.3d 229, 233 (Mo.App.2006), are as follows:

On or about July 17, 2005, the appellant was hitchhiking along Highway 71 in or near Nevada, Vernon County, Missouri, and was picked up by an unknown driver. Shortly after picking up the appellant, the driver became frightened of him because he believed he was "spun out on speed." The driver drove to the Fuel Mart in Nevada and asked the appellant to exit his vehicle. At that time, the appellant asked the driver if he wanted to use "crank" with him, which is also commonly known as "speed" or methamphetamine. After approximately twenty minutes, the appellant finally exited the driver's vehicle. The driver then drove to the Nevada, Missouri, Police Department, where he made contact with Cpl. Aaron Kent and Sgt. D.W. Osburn in the parking lot. He told them what had just happened and described the hitchhiker as an "Indian, adult, male, with long hair."

Sgt. Osburn and Cpl. Kent drove to the Nevada Fuel Mart in search of the hitchhiker described by the driver to investigate. Upon entering the Fuel Mart, they immediately identified the appellant as matching the description given to them by the driver. Sgt. Osburn observed that the appellant appeared "intoxicated by unknown means," as he "swayed as he stood and seemed to be in a daze." The appellant was asked to step outside to talk with the officers, and he obliged. The officers observed that he was acting strangely. He would repeatedly stop, look back at Sgt. Osburn, and smile. Once outside, the appellant muttered incoherently in response to the officers' questions.

Sgt. Osburn intended to take the appellant into protective custody for public intoxication, but first wanted to investigate any possible drug violations. However, the appellant was totally uncooperative and continued to give Sgt. Osburn "an uneasy feeling." At some point, the appellant attempted to re-enter the Fuel Mart despite Sgt. Osburn's command that he stop. When the appellant refused to stop, Sgt. Osburn physically stopped him, forcing him to place his hands against the door to the Fuel Mart and began patting him down for weapons. While patting him down, Sgt. Osburn felt a large, hard object in his right front pocket and asked the appellant to identify it, but he refused. Sgt. Osburn then noticed that they were blocking the door and preventing customers from exiting the Fuel Mart, so he asked the appellant to place his hands on his head so that he could be handcuffed. The appellant refused to comply and instead stuck his hand in his right pocket, moving it around as if to reach for something. Fearing the appellant was retrieving a weapon, Sgt. Osburn drew his firearm and ordered the appellant to remove his hand from his pocket. Once again, the appellant did not comply. Sgt. Osburn then grabbed the appellant's right wrist and at that point, an altercation ensued between the two men.

---

**3.** All rule references are to Missouri Rules of Civil Procedure, 2006, unless otherwise indicated.

Upon Sgt. Osburn's grabbing the appellant's right wrist, the appellant immediately punched him in the right temple with his left fist. In retaliation, Sgt. Osburn shoved the appellant. The appellant then shoved Cpl. Kent into a large trashcan. At that point, Cpl. Kent used his ×26 Taser on the appellant to subdue him, but he was unsuccessful. The appellant tried to wrestle the taser out of Cpl. Kent's hands. Sgt. Osburn intervened by spraying the appellant in the face with pepper spray, which allowed Sgt. Osburn to handcuff him.

After the appellant was handcuffed, Cpl. Kent radioed for medical assistance for the appellant. When medical personnel arrived at the scene, the appellant yelled, cursed, and kicked at them. Cpl. Kent again tasered the appellant to subdue him, but to no avail. The appellant continued to yell obscenities at them, such as: "Give me all you got motherfuckers!" and "Give me more, kill me, beat me . . . come on . . . kick me, hit me, you know you want to!" He was eventually subdued by the officers and was placed on a backboard and transported for medical attention. The appellant informed medical staff that he was a methamphetamine user. He tested positive for barbiturates and "benzos."

After receiving medical attention, the appellant was transported to the Vernon County Sheriff's Office and was held for assaulting a law enforcement officer and resisting arrest. On July 18, 2005, a felony complaint was filed against the appellant in the Circuit Court of Vernon County, charging him with two counts of the class C felony of second-degree assault of a law enforcement officer, in violation of § 565.082. On July 18, 2005, an arrest warrant was issued for the appellant's arrest. Although bond was set, conditioned, in part, on the appellant immediately returning to incarceration after receiving treatment at the Nevada Regional Medical Center, it appears that he was never released on bond.

The trial court docket sheet indicates that the appellant was never arraigned on the felony complaint. However, on January 11, 2006, his arraignment was set for January 19, 2006. On that date, however, the docket sheet indicates that the appellant appeared without counsel and the charges against him were amended to charge him with a "MISD." The trial court's judgment entry of that same date indicates that the appellant pled guilty to two amended misdemeanor counts of assaulting a law enforcement officer in the third degree, in violation of § 565.083, and was sentenced to six months on each count and given credit for time served, 182 days. As part of his pleading guilty, the appellant signed a written "Waiver of Counsel," which indicated, *inter alia*, that the charges against him were two misdemeanor counts of an assault of a law enforcement officer.

On February 24, 2006, the appellant, by his trial counsel, filed a motion to withdraw his pleas of guilty and set aside the judgment of his convictions, pursuant to Rule 29.07(d), alleging that his waiver of counsel and pleading guilty were not done knowingly or intelligently, and were induced through fear, coercion, duress, fraud, and mistake, and the appellant being misled. He further alleged that he did not become aware of the charges against him or that he had allegedly waived his right to counsel and/or had pled guilty to two counts of assaulting a law enforcement officer in the third degree until January 30, 2006, two weeks after his January 19, 2006, court appearance, when he met with his then attorney. On March 30, 2006, the appellant's motion was overruled.

This appeal follows.

## I.

■ In Point I, the appellant claims that the trial court erred in accepting his pleas of guilty to two counts of assault of a law enforcement officer in the third degree and sentencing him to two concurrent terms of six months in the Vernon County Jail because the court lacked "subject matter jurisdiction" to convict him. Specifically, he claims that the trial court lacked subject matter jurisdiction to accept his guilty pleas and sentence him in that the State had failed to file a misdemeanor information formally charging him with those crimes.

■ Initially, it is important to note with respect to our standard of review, that the appellant's claim in Point I is not raised in the context of Rule 24.035, Rule 29.07(d), or *habeas corpus*, and rightfully so. With respect to Rule 24.035, it only applies to a "person convicted of a felony on a plea of guilty," which is not our case. As to Rule 29.07(d), it reads: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court *after sentence* may set aside the judgment of conviction and permit the defendant to withdraw his plea." (Emphasis added.) The test for relief under this rule is whether the defendant's plea was intelligently and voluntarily made. *State v. Ralston,* 39 S.W.3d 546, 549 (Mo.App.2001). Under this rule, a defendant will be allowed to withdraw his guilty plea only in extraordinary circumstances where he has been "misled or induced to plead guilty by fraud, mistake, misapprehension, coercion, fear, persuasion, or the holding out of false hopes." *Id.* The basis for setting aside the appellant's pleas with respect to this point does not test whether his pleas were intelligently and voluntarily made. Rather, it tests whether the appellant was suf-

ficiently charged so as to permit his convictions of assaulting a law enforcement officer in the third degree. As to *habeas corpus*, the appellant was not incarcerated after his pleas, having been sentenced to essentially time served, so as to invoke *habeas* relief. Hence, as we discuss, *infra*, in claiming as he does in this point for the first time on appeal, he is essentially asserting a claim permitted by the Missouri Supreme Court in *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. *banc* 1992), attacking the sufficiency of the charging instrument against him.

■ The appellant did not raise below the issue in this point. He raises it for the first time on appeal. Ordinarily, an issue not raised below is not preserved for appellate review. *State v. Douglas,* 622 S.W.2d 28, 30 (Mo.App.1981). However, the appellant contends that the issue he raises in this point is jurisdictional such that it can be raised for the first time on appeal. In *Brown v. State,* 33 S.W.3d 676, 678 (Mo.App.2000), the Southern District of this court held that the complete absence of an information being filed with the court, charging the defendant with the offense to which he pled guilty, as alleged by the appellant in this point, as opposed to an alleged deficient information, is a jurisdictional defect that robs the trial court of subject matter jurisdiction to convict. *See also State v. Harrison,* 276 S.W.2d 222, 224 (Mo.1955); *State v. Austin,* 861 S.W.2d 334, 336 (Mo.App.1993). Accordingly, at first blush, it would seem that the appellant could raise, for the first time on appeal, the issue of the trial court's lack of "subject matter jurisdiction" to accept his guilty pleas for the State's failure to file an information. However, on closer inspection, in holding as it did as to a lack of "subject matter jurisdiction," *Brown v. State,* and similar cases, totally ignore the Missouri Supreme Court's hold-

ing in *State v. Parkhurst* and as such are not good law with respect to that issue.

In *State v. Parkhurst,* the Court held, in pertinent part, that: "Cases stating that [subject matter] jurisdiction is dependent upon the sufficiency of the indictment or information mix separate questions" and should not be followed. 845 S.W.2d at 35. Similarly, it held that cases that stated that the *"absence of an information* deprives the trial court of *jurisdiction over the person* " were "inaccurate" and should not be followed.[4] *Id.* (emphasis added). Hence, the Court in *State v. Parkhurst* made it clear that even the complete absence of a formal charging instrument is not a jurisdictional defect, either as a lack of subject matter or personal jurisdiction. Rather, as the Court stated in *State v. Hibler,* 5 S.W.3d 147, 150 (Mo. *banc* 1999), it is a matter of due process that "requires that a defendant may not be convicted of an offense not charged in the information or indictment."

In light of the Court's holding in *State v. Parkhurst,* the appellant cannot claim a jurisdictional defect, subject matter or personal, on the basis asserted in this point. However, all is not lost for him with respect to whether he can assert his claim in this point for the first time on appeal in that the Court went on to hold in *State v. Parkhurst* that a claim that an indictment or information is not sufficient to charge the defendant, which would necessarily include the complete lack of a formal charging instrument, can be raised for the first time on appeal. 845 S.W.2d at 35; *see also State v. Briscoe,* 847 S.W.2d 792, 793– 94 (Mo. *banc* 1993). This is in keeping with Rule 24.04(b)2, which provides, in pertinent part, that the defense of lack of jurisdiction or the failure of the indictment or information to charge an offense is not

waived if not raised by motion with the trial court.

By law, misdemeanors in this state are required to be prosecuted by indictment or information. Mo. Const. art. I, § 17; Rule 21.01; § 545.010. The indictment or information must be "in writing, signed by the prosecuting attorney, and filed in the court having jurisdiction of the offense." Rule 23.01(a). The indictment or information is required to state the name of the defendant, the facts constituting the elements of the offense charged, the date and place of the offense charged, the statute allegedly violated and the statutes fixing the penalty or punishment, and the name and degree of the offense charged. Rule 23.01(b). It is clear from the record that no charging instrument complying with Rule 23.01(a) and (b) was ever filed in this case charging the appellant with the misdemeanor offenses to which he pled guilty, and of which he was convicted and sentenced. The question is whether this lack of a written information, charging the appellant with the misdemeanor offenses of which he was convicted, was such that his convictions cannot stand, as he claims in this point.

The record reflects that in accordance with Rules 22.01 and 22.02, the appellant was charged on July 18, 2005, by written felony complaint in the Circuit Court of Vernon County, Case No. 05VE–DR00661, with two counts of the class C felony of assault on a law enforcement officer in the second degree, in violation of § 565.082. The State alleged in Count I, that on or about July 17, 2005, the appellant violated § 565.082 by attempting to cause physical injury to "Cpl. Aaron Kent," a law enforcement officer, "by kicking him in the legs." In Count II, the State alleged that on or

---

**4.** These cases include *State v. Gilmore,* 650 S.W.2d 627, 628–29 (Mo. *banc* 1983) and

*State v. Brooks,* 507 S.W.2d 375, 376 (Mo. 1974).

about July 17, 2005, the appellant violated § 565.082 by attempting to cause physical injury to "Sgt Osburn," a law enforcement officer, "by striking him in the head with a closed fist." He was arrested on a warrant on July 19, 2005. However, the trial court's docket sheet indicates that an arraignment on the felony complaint was not scheduled until January 11, 2006, on which date the appellant's arraignment was set for January 19, 2006.

The trial court's docket sheet and its judgment indicate that on January 19, 2006, the appellant appeared without counsel and that the felony charges against him were amended to purportedly charge him with two counts of the class A misdemeanor of assaulting a law enforcement officer in the third degree, in violation of § 565.083. Section 565.083.1(3) provides that, *inter alia*, a defendant is guilty of assaulting a law enforcement officer in the third degree if he "attempts to cause physical contact with a law enforcement officer." In light of this record and the lack of a formal written information or a written amendment by interlineation of the felony complaint, it would appear that the January 19, 2006, amendment of the charges against the appellant was done orally on the record, just prior to his pleading guilty and being sentenced. The question is whether this oral amendment of the felony complaint was sufficient to charge the appellant with the misdemeanor offenses of which he was convicted such that his convictions and sentences thereon can stand.

Rule 23.08 provides, in pertinent part: "Any *information* may be amended or an information may be substituted for an indictment at any time before verdict or finding if: (a) No additional or different offense is charged, and (b) A defendant's substantial rights are not thereby prejudiced." (Emphasis added.) While this rule speaks only to the amendment of an information, rather than the situation here, the amendment of a felony complaint to charge by information a misdemeanor, logic would dictate that the rule's reach would extend to amending a felony complaint by interlineation to charge a misdemeanor. The question then becomes whether the purported oral amendment of the felony complaint against the appellant was sufficient to charge him with the misdemeanor offenses of which he was convicted, pursuant to his guilty pleas.

 Normally,

[o]ral amendments of charges in a criminal case are ... rejected because they do not comply with the essential requirements for a proper charge. In very rare cases oral amendments have been affirmed, each with a warning, however, that the affirmance is limited to the particular facts of the case.

*State v. Hughes,* 731 S.W.2d 54, 55 (Mo. App.1987) (internal citation omitted). "Allowing an oral motion to amend an information is not necessarily error even if the original information is insufficient to charge a crime." *State v. Armstrong,* 968 S.W.2d 154, 156 (Mo.App.1998). Likewise, an intended amendment of an information by interlineation, which is never effectuated, does not render it *per se* deficient. *Wilkinson v. State,* 461 S.W.2d 283, 284–85 (Mo. banc 1970). To demonstrate the insufficiency of an oral amendment, the defendant has to show prejudice. *State v. Armstrong,* 968 S.W.2d at 156. This is in keeping with *State v. Parkhurst,* which, as we discuss, *supra,* makes it clear that the issue raised in this point is not a jurisdictional issue, but a sufficiency due process issue, which can be raised for the first time on appeal. However, an indictment or information will not be deemed insufficient unless it is so deficient that: "(1) it does not by any reasonable construction charge

the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced." *State v. Parkhurst*, 845 S.W.2d at 35. The second test is obviously derived from the primary purpose of an information which "is to give defendant sufficient notice of the charge to allow adequate preparation of a defense and avoid retrial on the same charges in case of acquittal." *State v. Taylor*, 929 S.W.2d 209, 218 (Mo. *banc* 1996).

Here, as to the first sufficiency test of *State v. Parkhurst*, as to whether the oral amendment of the felony complaint, by any reasonable construction, charged the misdemeanor offenses of which the appellant was convicted, the record leaves us totally in the dark. As noted, *supra*, the indictment or information is required to state the name of the defendant, the facts constituting the elements of the offense charged, the date and place of the offense charged, the statute allegedly violated and the statutes fixing the penalty or punishment, and the name and degree of the offense charged. Rule 23.01(b). Hence, the test for sufficiency of a charging instrument is whether it complies with Rule 23.01(b). *See State v. Angle*, 146 S.W.3d 4, 10 (Mo.App.2004) (stating that: "The test for sufficiency is whether the information contains all essential elements of the offense and clearly apprises the defendant of the facts constituting the offense."). There is nothing in the record to show compliance with Rule 23.01(b) by the State in charging the appellant in any way, shape, or form.

All we have in the record on appeal, as to the oral amendment of the felony complaint, is the trial court's docket sheet, judgment, and the written waiver of counsel. With respect to the docket sheet, the only mention of the alleged oral amendment of the felony complaint to charge the appellant with two counts of misdemeanor assault of a law enforcement officer in the third degree is the notation that: "STATE AMENDS TO MISD." As to the trial court's form judgment entry, entered the same day the appellant pled guilty, January 19, 2006, it states, in pertinent part: "State ~~dismisses~~/amends charge To Assault LEO Misdemeanor" (underlined portion handwritten). Also handwritten, just above the foregoing entry, in obviously different handwriting and by a different pen, are the numbers: 565.083 and 1312006. This latter entry clearly shows that on January 31, 2006, some twelve days after the appellant had already pled guilty, the section number, § 565.083, charging assault of a law enforcement officer in the third degree, a misdemeanor, was added. As to the written "Waiver of Counsel," it shows, with respect to the oral amendment of the felony complaint, that the appellant was charged with "Assault LEO ×2." Neither of these written notations complies with Rule 23.01(b) as to a sufficient charging instrument. Likewise, the judgment in no way indicates that the appellant, prior to pleading guilty, was advised of the nature of the charges against him, as required by Rule 24.02(b)1. As to the written waiver of counsel, it does show that the appellant was advised that he was being charged with: "Assault LEO x×"; however, we fail to see how this would advise an unrepresented defendant of the *nature* of the charge against him, unless we accept that advising the defendant of the "nature of the charge" against him means simply to advise him of the shorthand label used to refer to the crime charged, which we do not.

In summary, the record clearly demonstrates that the State's purported oral amendment of the felony complaint against the appellant, in an attempt to charge him with the misdemeanors to which he ulti-

mately pled guilty, in no way complied with the requirements of Rule 23.01(b) for charging him. In effect, the purported amendment simply changed the name given to the crimes with which the appellant was being charged and to which he was pleading guilty, and nothing more. As we noted, *supra,* oral amendments of charging instruments are very rarely affirmed in that they do not comply with the essential requirements of a proper charge. *State v. Hughes,* 731 S.W.2d at 55. This case is a poster child of an oral amendment that made no attempt to comply with Rule 23.01(b) such that, in effect, the appellant was never charged with the offenses of which he was convicted, pursuant to his pleas of guilty. And, in pleading guilty, he did not waive these deficiencies in charging him. *State v. Parkhurst,* 845 S.W.2d at 35. Hence, as a result of his not being effectively charged with the misdemeanors of which he was convicted, his convictions cannot stand. *Id.;* Mo. Const. art. I, § 17; § 545.010; § 556.046.1; *State v. Hibler,* 5 S.W.3d at 150; *State v. Briscoe,* 847 S.W.2d at 794.

In reversing the appellant's convictions, the question necessarily arises whether to reverse outright or to remand the case to the trial court to allow the State to consider whether to properly charge the appellant, if otherwise permissible. Double jeopardy, if applicable, would, of course, bar the appellant from being charged. Double jeopardy protection arises from article I, section 19 of the Missouri Constitution and from the Fifth Amendment of the United States Constitution. *State v. Ricker,* 936 S.W.2d 167, 171 (Mo.App.1996). Article I, section 19 is not invoked here in that it only applies where the defendant has been "once acquitted by a jury." *Id.* As to Fifth Amendment double jeopardy protection, there are three distinct abuses prevented: "(1) a subsequent prosecution for the same offense after acquittal; (2) a subsequent prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *State v. Angle,* 146 S.W.3d at 10. None of those three abuses are implicated here. As such, double jeopardy does not protect the appellant from being properly charged and tried for the alleged assaults of the law enforcement officers here.

Given our disposition of the claim raised in this point, the appellant's other two points are obviously moot, and we need not address them. A claim is rendered moot if "something occurs that makes a court's decision unnecessary." *StopAquila.org v. Aquila, Inc.,* 180 S.W.3d 24, 27 (Mo.App.2005). We will not address a moot point, unless it "presents a recurring unsettled legal issue of public interest and importance that will escape review unless the court exercises its discretionary jurisdiction," *id.* (internal quotation marks omitted), or it is likely to come up again on remand. *State v. Smith,* No. WD 66048, 2007 WL 654248, at *11 (Mo.App. W.D. March 6, 2007). Neither exception applies in our case.

### Conclusion

The judgment of the Circuit Court of Vernon County, convicting the appellant of two misdemeanor counts of assault of a law enforcement officer in the third degree, in violation of § 565.083, and sentencing him to concurrent terms of six months in the Vernon County Jail, with credit for 182 days served, is reversed, and the case is remanded to the court for further proceedings consistent with this opinion.

HOWARD, C.J., and NEWTON, J., concur.