# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1998 SESSION

FILED

November 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RICHARD CALDWELL, | ) | NO. 02C01-9711-CC-00446 |
| | ) | |
| Appellant, | ) | |
| | ) | HENDERSON COUNTY |
| VS. | ) | |
| | ) | HON. WHIT LAFON, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

DAVID C. STEBBINS
330 South High Street
Columbus, OH 43215

JOHN G. OLIVA
601 Woodland Street
Nashville, TN 37206

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JAMES G. WOODALL
District Attorney General

ALFRED L. EARLS
Assistant District Attorney General
225 Martin Luther King Dr.
P.O. Box 2825
Jackson, TN 38302-2825

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Richard Caldwell, appeals the trial court's dismissal of his second petition for post-conviction relief. The post-conviction court dismissed the petition without an evidentiary hearing, finding the petition barred by the statute of limitations and the issues either previously determined or waived. For reasons outlined below, the judgment of the trial court is AFFIRMED.

**<u>PROCEDURAL HISTORY</u>**

The petitioner was initially convicted in 1981 of the first degree murder of Carl Lipford and sentenced to life imprisonment. This Court affirmed the conviction. <u>State v. Caldwell</u>, 656 S.W.2d 894 (Tenn. Crim. App. 1983). Permission to appeal was denied by the Tennessee Supreme Court. That conviction is the subject of the present petition.

Subsequent to the conviction in the Lipford murder, the petitioner was convicted of the first degree murder of Larry Climer and sentenced to death. The petitioner's conviction and sentence in the Climer murder were ultimately upheld by the Tennessee Supreme Court. <u>State v. Caldwell</u>, 871 S.W.2d 459 (Tenn. 1984).

The petitioner subsequently filed for post-conviction relief on the Lipford conviction. This court ultimately upheld the trial court's dismissal of that petition. <u>State v. Richard Caldwell Jr.</u>, C.C.A. No. 3, Henderson County (Tenn. Crim. App. filed March 28, 1990, at Jackson). Permission to appeal was denied by the Tennessee Supreme Court.

The petitioner filed two (2) petitions for post-conviction relief on the Climer conviction which were denied by the trial court and consolidated for appeal. This

2

Court affirmed the denial of relief. <u>Richard Caldwell v. State</u>, C.C.A. No. 9, Madison County (Tenn. Crim. App. filed March 21, 1990, at Jackson). Permission to appeal was denied by the Tennessee Supreme Court. In January 1993, the petitioner filed a third petition attacking the Climer conviction. The petitioner alleged his initial arrest for public intoxication which led to the convictions in both murder cases was a pretext, the sole purpose of which was to gather information on the Lipford murder. The denial of that petition was eventually affirmed by the Tennessee Supreme Court. <u>Caldwell v. State</u>, 917 S.W.2d 662 (Tenn. 1996).

The petitioner filed the instant petition in January 1995,[1] while the petition attacking the Climer conviction was pending. The petitioner attacked his Lipford conviction alleging the following grounds:

    (1)    pretextual arrest leading to inadmissible evidence;
    (2)    erroneous admission of his statements to authorities;
    (3)    improper search leading to inadmissible evidence;
    (4)    erroneous "reasonable doubt" jury instruction;
    (5)    improper closing argument by the state;
    (6)    ineffective assistance of counsel;
    (7)    state's withholding of exculpatory evidence;
    (8)    prosecutorial misconduct;
    (9)    jury misconduct;
    (10)    state's delay in advising petitioner of certain exculpatory evidence;
    (11)    improper administration of drugs to petitioner;
    (12)    erroneous "malice" jury instruction;
    (13)    insufficient evidence and erroneous "premeditation" and "deliberation" jury instruction;
    (14)    denial of complete trial transcript; and
    (15)    cumulative effect of errors leading to denial of a fair trial.

The trial court found all issues to be either time-barred, previously determined or waived.

---

[1] Because the subject petition was filed prior to May 10, 1995, it is controlled by the prior Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-101 et seq (1990).

The petitioner claims in his first issue that the trial court's dismissal of the petition as barred by the statute of limitations violates due process. The petitioner bases this claim upon an unreported case which enabled him for the first time to review police records which allegedly revealed his initial arrest was pretextual. *See* Capital Case Resource Center v. Woodall, C.A. No. 01A01-9104-CH-00150, Davidson County (Tenn. App. filed January 29, 1992, at Nashville). Because he was not able to obtain allegedly exculpatory police radio logs until after that decision, the petitioner claims the statute of limitations for post-conviction actions did not begin to run until after the Woodall opinion was filed. *See* Burford v. State, 845 S.W.2d 204 (Tenn. 1992); Sands v. State, 903 S.W.2d 297 (Tenn. 1995).

Initially, we must note the petitioner raised the identical pretextual arrest issue in his second petition for post-conviction relief on the Climer conviction. The Tennessee Supreme Court affirmed the dismissal of the petition. The Supreme Court stated:

> As we did in *Burford*, we must carefully weigh the interests of both parties to determine if due process requires the suspension of the limitations period so as to afford the petitioner a reasonable opportunity to litigate the claim.

Caldwell, 917 S.W.2d at 666. However, after balancing the state's interests of precluding stale litigation and avoiding excessive costs with the petitioner's interest in litigating this particular claim, the Court concluded the state's interests were "weightier." Id. at 668.

We adopt the Court's reasoning in the instant petition. All issues are

4

barred by the statute of limitations.  *See* Tenn. Code Ann. § 40-30-102
(repealed 1995).

This issue is without merit.

## II.

The second issue presented for review is whether the trial court's finding
that the petitioner's claim of ineffective assistance of counsel had been
"previously determined" violates his right to due process.

The petitioner alleged trial counsel was ineffective for failing to: (1)
properly investigate the facts, (2) properly *voir dire* the jury, (3) develop a
defense based upon petitioner's mental condition, (4) seek expert assistance, (5)
make a proper closing argument, and (6) object to the "reasonable doubt" jury
instruction.  The trial court found the issue of ineffective assistance of counsel
had "already been raised and litigated" in the petitioner's first post-conviction
proceeding.

If an issue has been "previously determined," it may not be litigated in a
subsequent post-conviction petition.  Tenn. Code Ann. § 40-30-112(a)(repealed
1995); Caruthers v. State, 814 S.W.2d 64, 69-70 (Tenn. Crim. App. 1991).  The
issue of ineffective assistance of counsel was determined in the first petition for
post-conviction relief.  *See* State v. Richard Caldwell, Jr., C.C.A. No. 3,
Henderson County, supra.  The petitioner claims that limiting a petitioner to a
single challenge of effective assistance of counsel is a "novel proposition not
previously found in Tennessee law."  We disagree.  Ineffective assistance of
counsel is a "single 'ground for relief'" as contemplated by statute.  *See* Cone v.
State, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995).  A petitioner may not
relitigate a "previously determined" issue by presenting additional factual

5

allegations in a subsequent petition. <u>Cone</u>, 927 S.W.2d at 582.

The petitioner contends some of the grounds for ineffective assistance of counsel were not discovered until after the filing of the first petition. However, we find nothing in the petition that would justify further litigation on this issue.

Additionally, the petitioner claims that counsel who filed his first petition for post-conviction relief was ineffective. However, it is settled law that a petitioner is not entitled to effective assistance of counsel in the post-conviction setting. <u>House v. State</u>, 911 S.W.2d 705, 712 (Tenn. 1995). Thus, the issue of effective assistance of counsel has been "previously determined."

This issue is without merit.

### <u>III.</u>

The petitioner has alleged fifteen grounds for relief in this, his second petition for post-conviction relief. The issues relating to sufficiency of the evidence, the admission of petitioner's statements to authorities and improper closing argument by the state were previously determined on direct appeal. <u>Caldwell</u>, 656 S.W.2d at 896-97. The issues of ineffective assistance of counsel and the malice jury instruction were previously determined on appeal of the denial of the first petition for post-conviction relief. <u>Caldwell</u>, C.C.A. No. 3, Henderson County, <u>supra</u>. All other issues raised in the present petition are waived for failure to present them either on direct appeal or in the first petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-112(b)(repealed 1995); <u>House</u>, 911 S.W.2d at 714.

### <u>IV.</u>

6

The petitioner's final issue asserts he was denied due process as the trial court dismissed his petition without having a complete record of previous proceedings. *See* <u>Allen v. State</u>, 854 S.W.2d 873, 875 (Tenn. 1993)(holding it is the role of the state to file parts of record material to petition). The trial court dismissed the petition as time-barred with the issues having been previously determined or waived. The record of previous proceedings was not necessary for the trial court to properly make its ruling.

This issue is without merit.

### CONCLUSION

For the reasons stated above, we find the petitioner's arguments without merit and AFFIRM the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**