DON E. BURRELL, J.
*178 Marquan Dezarsha Townsend ("Defendant") appeals his bench-trial conviction for the class-E felony of resisting arrest for actions he took while fleeing from the police in his vehicle in February 2017. See section 575.150.[1] In a single point relied on, Defendant insists "that there was insufficient evidence to establish that [he] fled in a manner that created a substantial risk of serious physical injury or death to any person."
Finding no merit in Defendant's point, we affirm.
Governing Law & Applicable Principles of Review
Section 575.150.1(1) provides, inter alia , that
[a] person commits the offense of resisting ... arrest, detention, or stop if he or she knows or reasonably should know that a law enforcement officer is ... attempting to lawfully detain or stop an individual or vehicle, and for the purpose of preventing the officer from effecting the ... stop ... he or she ... [r]esists the ... stop ... of such person ... by fleeing from such officer[.]
As relevant to the circumstances of this case, resisting arrest "is a class A misdemeanor, unless the person fleeing creates a substantial risk of serious physical injury or death to any person, in which case it is a class E felony." Section 575.150.5. "Serious physical injury " is "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body[.]" Section 556.061(44).
Neither the overall criminal code nor section 575.150 define "substantial risk," but "[t]he words 'substantial risk' have a plain and ordinary meaning cognizable by a person of ordinary intelligence." State v. Mahurin , 799 S.W.2d 840, 842 (Mo. banc 1990). By way of comparison to the use of the same term in the context of the offense of endangerment of a child, "substantial means 'not seeming or imaginary' and risk means 'the possibility of loss, injury, disadvantage or destruction.' " State v. Fowler , 435 S.W.3d 90, 94 (Mo. App. S.D. 2014) (quoting State v. Rinehart , 383 S.W.3d 95, 101 (Mo. App. W.D. 2012) ).
An appellate court's review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there is sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. State v. Chaney , 967 S.W.2d 47, 52 (Mo. banc 1998) (citing Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ). All evidence and inferences favorable to the State are accepted as true, and all evidence and inference[s] to the contrary are rejected.
State v. Porter , 439 S.W.3d 208, 211 (Mo. banc 2014).
In a bench-tried case, "the trial court's findings have the force and effect of the verdict of a jury." State v. Crawford , 68 S.W.3d 406, 408 (Mo. banc 2002) ; see also Rule 27.01(b). As fact-finder, the trial court "may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case." Id. "Where different inferences are reasonably deducible from the facts and circumstances of the *179 case, it is for the trier[ ] of fact to determine which inference shall be drawn and [the appellate court] may not cast aside [the fact finder's] inferences for another of its own choice." State v. Sitton , 323 S.W.3d 65, 69 (Mo. App. S.D. 2010) (internal quotation and citation omitted).
Evidence and Procedural History
Our following summary of the evidence adduced at trial is in accordance with our obligation to accept as true the evidence and reasonable inferences therefrom that support the trial court's finding. See Porter , 439 S.W.3d at 211.
On February 10, 2017, police officers Corporal Nicholas Darter and Sergeant Bobby Jones observed Defendant driving a vehicle on a gas station parking lot. The officers noticed that the vehicle lacked a required front license plate, and Defendant was driving the vehicle in circles. After Defendant drove away from the gas station, Corporal Darter tried to intercept the vehicle in an attempt to make a traffic stop. The speed limit in the area was 25 miles-per-hour, but Defendant was driving "at a high rate of speed" that Corporal Darter estimated to be "double the speed limit." Defendant's vehicle "was throwing rocks and ... fishtailing when he was going down the gravel road." The houses along that road were "close" to the road. Corporal Darter observed that Defendant was not in "complete control of his vehicle." Sergeant Jones saw Defendant's vehicle skid "around the curve" on the gravel road. Corporal Darter activated the lights and sirens on his patrol car as he followed Defendant on the gravel road.
Defendant turned onto a paved road, then turned north onto another road, where he "continued traveling at a high rate of speed[.]" Sergeant Jones recalled that even though he and Corporal Darter were driving "[q]uite a bit faster than the speed limit[,]" Defendant was "still able to pull away from" them as he was "driving even faster[.]" Defendant failed to stop at "two stop signs" on this road, and Sergeant Jones described the area as "a fairly populated neighborhood" of houses. As Defendant traveled north on this road, a man was "walking his dog.... in the southbound lane." The lanes were divided "with a row of trees or a little ditch bank in between[.]" Sergeant Jones testified that this road was "not very big[,]" and he estimated that Defendant got "within 15 feet" of "the man walking his dog[.]"
Defendant turned onto yet another road, this time speeding through an area with a school zone at a time when children would have been inside the school. Corporal Darter eventually lost sight of Defendant's vehicle as it sped through a community center parking lot. Defendant was later apprehended at a residence.
At trial, Defendant presented a motion for acquittal at the close of the State's case and then renewed it at the close of all evidence. Defense counsel's closing argument included that "[t]here has to be real people put at a substantial risk" and "[i]n this case, there were not." The trial court announced that it had considered the testimony and arguments and found "beyond a reasonable doubt that [Defendant] is guilty of the" offense charged. Defendant was subsequently sentenced to four years imprisonment, and this appeal timely followed.
Analysis
In support of his point, Defendant argues:
While driving fast and ignoring stop signs when no pedestrians or other vehicles are present may still be considered dangerous in some fashion, previous holdings finding that a defendant resisted arrest by fleeing in a vehicle in a *180 manner that created a substantial risk of serious physical injury do not suggest that [Defendant's] behavior was sufficient to create a "substantial risk" of serious physical injury.
Defendant insists that the "pedestrian was on the other side of one of the roads [Defendant] traveled on, across a ditch and [a] divider full of trees." (Emphasis added.) Defendant distinguishes other resisting-arrest cases in which other persons were present who "could have actually been harmed by the defendants' behavior." See, e.g., State v. Ryland , 533 S.W.3d 742, 746, 754 (Mo. App. W.D. 2017) (finding sufficient evidence of a substantial risk of serious physical injury or death during flight from police where the defendant entered "the oncoming lane of traffic to avoid more vehicles stopped at a red light"); State v. Randle , 456 S.W.3d 535, 541 n.6, 542 (Mo. App. E.D. 2015) (upholding convictions of resisting arrest by fleeing and endangering the welfare of a child where the child was present in the defendant's fleeing vehicle as it narrowly avoided a collision with another car).
These attempts to distinguish the instant case fail to account for the fact that the trial court could credit testimony that Defendant's vehicle came within 15 feet of the pedestrian while Defendant's vehicle was going about twice the speed limit and having exhibited a loss of control before turning onto the pedestrian's road. And Corporal Darter's testimony was that the lanes were divided by "a row of trees or a little ditch bank in between[,]" not that both physical features were present together at all points along the road. (Emphasis added.)
The trial court was not obligated to infer that a tree or ditch would have protected the pedestrian from Defendant's vehicle and could reasonably find that Defendant's behavior "create[d] a substantial risk of serious physical injury ... to [a] person[.]" Section 575.150.5. Defendant's point is denied, and the judgment of conviction and sentence is affirmed.
MARY W. SHEFFIELD, P.J.-CONCURS
GARY W. LYNCH, J.-CONCURS

All statutory references are to RSMo 2016, and all rule references are to Missouri Court Rules (2018).