

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | WD87073 |
| | ) | |
| V. | ) | OPINION FILED: |
| | ) | OCTOBER 7, 2025 |
| CODY LEE KISER, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Saline County, Missouri**
The Honorable Dennis A. Rolf, Judge

Before Division One: Gary D. Witt, Presiding Judge, Alok Ahuja, Judge and Karen King
Mitchell, Judge

Cody L. Kiser appeals the judgment of the Circuit Court of Saline County,

Missouri ("trial court"), convicting him, after a jury trial, of the class E felony of resisting

a lawful stop, section 575.150[1]. Finding Kiser to be a prior and persistent offender, the

trial court sentenced Kiser to six years' imprisonment. On appeal, Kiser alleges that the

trial court erred in overruling his motion for judgment of acquittal because there was

insufficient evidence to support his conviction of the enhanced offense of resisting arrest

---

[1] All statutory references are to the Revised Statutes of Missouri (2016), as updated by
supplement through the date of the offense (May 28, 2023).

by fleeing in a vehicle in a manner that created a substantial risk of serious physical injury. We affirm.

## Factual and Procedural Background

At around 8 p.m. on May 28, 2023, a Marshall Police Officer [2] was stopped at a city stop sign when he saw a dark gray Suburban approach the intersection. As the Suburban passed the Officer's vehicle on the left, Kiser turned his head toward the Officer and the two men looked at each other. The Officer testified that he was "completely certain" that the driver of the Suburban was Kiser. The Officer knew Kiser because of a past interaction with him and because the Officer remembered Kiser's unique tattoo above his left eyebrow.

The Officer was also aware there was an active warrant out for Kiser's arrest, so, after Kiser's vehicle passed the Officer, the Officer turned his vehicle around and began to pursue Kiser. After Kiser failed to stop at a stop sign, the Officer activated his lights and siren. The pursuit continued onto highway 20, with the Officer having to travel over 100 miles per hour to keep up with Kiser's vehicle. Both Kiser and the Officer traveled in and out of the oncoming lane of traffic to pass at least three cars also traveling westbound. The pursuit lasted several miles until Kiser turned onto a gravel road. Unable to keep Kiser's car in view due to the dust on the gravel road, the Officer ceased his pursuit. Kiser escaped capture at that time. The Officer testified that, based on the speed he and Kiser were travelling, "people's lives, if there was an accident, it not only

---

[2] Pursuant to Missouri Supreme Court Operating Rule 2.02(c)(3), we do not include names of witnesses or other individuals who are not parties.

puts Mr. Kiser in danger, but everybody else on the road, including myself." Further, the Officer stated that, "at that speed, it could be easily death [sic] for occupants of other vehicles as well as us."

On May 31, 2023, local law enforcement recovered an abandoned gray Suburban. The vehicle was registered to Kiser's former girlfriend. The license plate on the recovered vehicle was the same as the plate on the vehicle the Officer chased on May 28, 2023. At trial, Kiser's former girlfriend testified that the car belonged to her and that Kiser was her former boyfriend.

Kiser was convicted of the class E felony of resisting a lawful stop, section 575.150. The trial court sentenced Kiser as a prior and persistent offender to six years' imprisonment.

**Standard of Review**

In reviewing a challenge to the sufficiency of the evidence presented at trial, this Court accepts as true all evidence and inferences favorable to the verdict and ignores all evidence and inferences to the contrary. *State v. Bateman,* 318 S.W.3d 681, 687 (Mo. banc 2010). "We then assess whether the favorable evidence and inferences therefrom are sufficient for a reasonable fact-finder to find each of the essential elements of the offense beyond a reasonable doubt." *State v. Crabtree,* 398 S.W.3d 57, 58 (Mo. App. W.D. 2013) (citation modified). "This Court will not weigh the evidence anew." *State v. Freeman,* 269 S.W.3d 422, 425 (Mo. banc 2008) (citation modified). The "same standard of review applies" when this Court reviews "a motion for a judgment of

3

acquittal." *State v. Botts,* 151 S.W.3d 372, 375 (Mo. App. W.D. 2004) (citation modified).

## Analysis

In his sole point on appeal, Kiser contests only the felony enhancement component of his conviction for resisting arrest. Section 575.150.1(1) provides that a person commits the offense of resisting arrest "if that person: (1) knew or reasonably should have known that a law enforcement officer was making an arrest; (2) resisted that arrest by using or threatening to use violence or physical force, or by fleeing from the officer; and (3) did so for the purpose of preventing the officer from completing the arrest." *State v. Barnum,* 645 S.W.3d 611, 621 (Mo. App. S.D. 2022). The offense of resisting arrest is a misdemeanor unless certain criteria are met which enhances the offense to a felony. *See State v. Johnson,* 613 S.W.3d 517, 520 (Mo. App. S.D. 2020). As relevant to this case, section 575.150.5 enhances the offence of resisting arrest from a misdemeanor to a class E felony if the "person fleeing creates a substantial risk of serious physical injury or death to any person." *State v. Stevenson,* 658 S.W.3d 115, 121 (Mo. App. S.D. 2022) (citation modified).

Here, Kiser alleges that because there was "no evidence any person was actually in harm's way during [Kiser's] alleged flight," the State did not prove the enhancement requirement of substantial risk of serious physical injury. Rather, Kiser argues, evidence of actions that "could have been a risk" to any person in the three vehicles Kiser passed at 100 miles per hour was insufficient evidence to support the jury's finding that Kiser posed a substantial risk of serious physical injury or death to any person.

4

Conversely, the State asserts that Kiser's failure to stop at a stop sign when crossing a highway, driving at speeds of over 100 miles per hour, and passing at least three vehicles by driving into the oncoming lane of traffic on a highway is sufficient evidence to establish that Kiser created a substantial risk of serious physical injury or death to others. In support of its position that Kiser engaged in acts sufficient to satisfy substantial risk, the State relies on two cases: *State v. Crabtree,* 398 S.W.3d 57 (Mo. App. W.D. 2013) and *State v. Randle,* 456 S.W.3d 535 (Mo. App. E.D. 2015). Notably, in neither case did the defendant contest whether the evidence was sufficient to establish a substantial risk of serious physical injury or death to others.

In *Crabtree*, this Court noted that the defendant did not contest that he fled in a manner that created a substantial risk of serious physical injury when he fled by car at speeds of over eighty miles per hour, passed a vehicle on a blind curve and lost control of his own vehicle twice. *Crabtree,* 398 S.W.3d at 58-59. Likewise, in *Randall*, when a defendant ran a red light and sped off in his vehicle at a high rate of speed, ran several stop signs, wove in and out of traffic, and barely missed colliding with another car, the defendant did not challenge that his actions created a substantial risk of serious injury or death to others. *Randle,* 456 S.W.3d at 538, 541.

In *State v. Ryland,* this Court held that a driver operated a vehicle in a manner that created a substantial risk of serious physical injury or death when the driver ran multiple red lights, accelerated to twice the posted speed limit at night on a city roadway, entered an oncoming traffic lane, and ultimately crashed into another vehicle. 533 S.W.3d 742, 754-55 (Mo. App. W.D. 2017). While the *Ryland* defendant did in fact crash his vehicle

5

into another vehicle, nothing in the statute requires that another person be in fact injured or killed, merely that the defendant's operation of his vehicle while fleeing *creates a substantial risk* of injury or death. *See* Section 575.150.5.

The jury was not obligated to conclude that the fact no one was actually injured or killed during the high-speed pursuit establishes that Kiser was not driving "in a manner that created a substantial risk" of serious physical injury or death. *See State v. Townsend,* 552 S.W.3d 177, 179-80 (Mo. App. S.D. 2018) (holding sufficient evidence that defendant's actions created a substantial risk of injury when the defendant's vehicle was going "about twice the speed limit" and exhibited a loss of control shortly before coming within fifteen feet of a man walking his dog). Similar to the *Townsend* defendant who created a substantial risk of serious physical injury when he drove twice the posted speed limit and nearly hit a pedestrian, Kiser created a substantial risk of serious physical injury or death when he traveled at 100 miles per hour, drove into the oncoming traffic lane, and passed other vehicles while trying to evade the pursuing Officer. Viewed in the light most favorable to the verdict, the evidence of Kiser's excessive speed and driving into the oncoming lane of traffic while passing other vehicles was sufficient for a reasonable juror to find that Kiser's flight posed a substantial risk of serious physical injury or death. Defendant's point is denied, and the judgment of conviction and sentence is affirmed.

## Conclusion

For the above-stated reasons, the judgment of the trial court is affirmed.

_____

Gary D. Witt, Presiding Judge

All concur